**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 390.]**

**HITCHINGS, APPELLANT, v. WEESE, APPELLEE.**

**[Cite as *Hitchings v. Weese*, 1997-Ohio-290.]**

*Appeal dismissed sua sponte for want of final appealable order—No jurisdiction to review issue of punitive damages relative to sexual harassment claim when underlying claim remains pending, despite Civ.R. 54(B) language—Court of appeals' judgment vacated in part.*

(No. 96-159—Submitted December 11, 1996—Decided February 5, 1997.)

APPEAL from the Court of Appeals for Holmes County, No. 95-CA-539.

_____

*Kennedy, Cicconetti & Rickett, L.P.A.,* and *David C. Knowlton*, for appellant.

_____

**{¶ 1}** *Sua sponte*, appeal dismissed for want of a final appealable order, and judgment vacated in part.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur separately.

_____

**ALICE ROBIE RESNICK, J., concurring.**

**{¶ 2}** I concur in the order of dismissal. I write to explain why the relevant part of the judgment of the trial court, which was appealed to the court of appeals and then to this court, was not a final appealable order as to the issue appealed. The parties have not raised the question of whether the issue appealed here is taken from a final appealable order, but it is necessary for us to consider it on our own motion

in order to determine our jurisdiction. See *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64, 66.

{¶ **3**} Plaintiff-appellant, Jacqueline Hitchings, in her complaint raised two claims or "causes of action." One was for sexual harassment under R.C. Chapter 4112, and the other was for intentional infliction of emotional distress. Appellant, under both causes of action, sought to recover compensatory damages, punitive damages, and attorney fees. Defendant-appellee, Dennis Weese, filed a motion for partial summary judgment, and the trial court entered summary judgment in favor of appellee on the following: (1) appellant's request for punitive damages and attorney fees relating to her sexual harassment claim; (2) appellant's request for punitive damages and attorney fees relating to her claim for intentional infliction of emotional distress; and (3) appellant's request for compensatory damages, and for other relief, for intentional infliction of emotional distress. The trial court added Civ.R. 54(B) "no just reason for delay" language, and expressly stated that "this action shall proceed solely on Plaintiff's request for compensatory damages on her first cause of action, for sexual harassment ***." Thus, the sexual harassment claim remains pending in the trial court and has not been resolved.

{¶ **4**} Appellant appealed to the court of appeals, which affirmed the trial court's judgment on all three issues. The court of appeals held that (1) punitive damages and attorney fees were not available relative to appellant's sexual harassment claim, (2) the trial court correctly granted summary judgment to appellee on the intentional infliction of emotional distress claim, and (3) the issue of punitive damages and attorney fees relative to the emotional distress claim was moot in light of the foregoing holdings.

{¶ **5**} Appellant chose not to appeal from the court of appeals' judgment on the second and third issues. In her memorandum in support of jurisdiction, appellant raised only one proposition of law, on the issue of whether punitive damages and attorney fees are available in an R.C. 4112.99 discrimination case.

2

This court allowed the appeal and *sua sponte* held it for decision in case No. 95-1222, *Byrnes v. LCI Communication Holdings Co.*, and stayed briefing.

{¶ 6} The issue presented by this scenario for our consideration is whether a trial court order finding that punitive damages are unavailable on a particular claim is a final order when the underlying claim remains pending before the trial court.

{¶ 7} "No civil cause of action in this state may be maintained simply for punitive damages." *Bishop v. Grdina* (1985), 20 Ohio St.3d 26, 28, 20 OBR 213, 214, 485 N.E.2d 704, 705. See *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 650, 635 N.E.2d 331, 342 ("[P]unitive damages are awarded as a mere incident of the cause of action in which they are sought."). "[A] prayer for punitive damages is not a separate claim in itself but rather an issue in the overall claim for damages." *Horner v. Toledo Hosp.* (1993), 94 Ohio App.3d 282, 288, 640 N.E.2d 857, 861.

{¶ 8} Appellant's appeal on the issue she raises in her proposition of law to this court is not taken from a final appealable order of the trial court. For this order to be a final appealable order, it must comply with both R.C. 2505.02 and Civ.R. 54(B). See *Chef Italiano*, *supra*, at the syllabus. Since the claim for sexual harassment remains pending, the trial court's ruling that punitive damages are unavailable relative to the sexual harassment claim is not a ruling that "determines the action and prevents a judgment." R.C. 2505.02. The trial court's ruling on this issue adjudicated only part of the claim; it did not resolve the entire claim. The trial court's addition of Civ.R. 54(B) "no just reason for delay" language could not transform an order that was not final for purposes of R.C. 2505.02 into a final appealable order for Civ.R. 54(B) purposes.

{¶ 9} For the foregoing reasons, this court does not have jurisdiction (and the court of appeals did not have jurisdiction) to review the issue of punitive damages relative to appellant's sexual harassment claim when the underlying claim

remains pending.  See *Douglas v. Mechler* (Apr. 27, 1994), Hamilton App. No. C-930262, unreported, 1994 WL 156266.  The court of appeals, on its own initiative, should have dismissed the appeal as to that issue only, in the same way that this court today dismisses the appeal.  Because the court of appeals had no jurisdiction to review this issue, its decision pertaining to this issue must be vacated.

DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur in the foregoing concurring opinion.

—————————