WAITE, J., dissenting.
 I disagree with the majority opinion here primarily because I do notbelieve we are yet presented with a final appealable order. This beingthe case, we have no jurisdiction to take and hear this matter and Iwould remand it back to the trial court explicitly for action on allpending matters and implicitly for its review of the interlocutorydecisions I believe it has so far entered.
 Before we may address the merits of this appeal, we must address thejurisdictional issue. If, as the trial court ultimately declares, thepartial summary judgment entry is a final, appealable order, this Courthas jurisdiction to decide the matter. However, if the reverse is true,we lack jurisdiction and the matter must be sent back to the trial courtfor a complete resolution of all issues before it may be appealed.
 It is clear that there is no magic to the simple inclusion of thewords, "no just reason for delay," into an entry. In order for ourjurisdiction to vest, an order must conform to the requirements of bothR.C. § 2505.02 and Civ.R. 54(B). Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86. While the order before us certainlycontains the Civ.R. 54(B) language, more problematic in thismultiple-issue case is whether the order appealed conforms with R.C.§ 2505.02(B):
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
 Clearly, subsections 2-5 cannot apply. We must decide then, if thispartial summary judgment order affects a substantial right whicheffectively determines the outcome of the action and prevents the adverseparty from obtaining a judgment on the issue or issues.
 R.C. § 2505.02(A)(1) defines a "substantial right" as one,". . . that the United States Constitution, the Ohio Constitution, astatute, the common law, or a rule of procedure entitles a person toenforce or protect." When we turn to the claims decided in partial summaryjudgment, it can certainly be determined that Appellant's claims soundingin retaliation for raising sex discrimination complaints, her handicap ordisability claims and her workers' compensation retaliation claims areall covered by this definition and must all be determined to besubstantial rights. Our review cannot end here, however, for we muststill determine whether the unfavorable disposition of these issues ineffect determines their outcome and prevents Appellant from obtaining ajudgment as to these issues. Because of their very nature, I would holdthat this question must be answered in the negative and we must determinethat this order is not yet ripe for appeal.
 While dealing with another issue not present before us, the OhioSupreme Court in Denham v. New Carlisle (1999), 86 Ohio St.3d 594,decided that in certain, select instances, summary judgment orderswhich, as a rule, are otherwise considered interlocutory when they onlyresolve partial claims or some of the parties' interests, may sometimesbe final and appealable. The Court reinforced the notion that therequirements of both Civ.R. 54 and R.C. § 2505.02(B) must be met.Further, the Court reiterates that all applicable portions of 2505.02(B)must be met; that is, the right involved must be both substantial andcompletely resolved by the summary judgment. While statutory definitionprovides us with a guide to determining just what constitutes asubstantial right, neither the statute nor the Court gives us guidance asto how we are to resolve whether a particular decision effectivelydetermines the matter and prevents judgment for the complaining party.In Denham, one of multiple parties to an action was dismissed entirely insummary judgment and the plaintiff voluntarily dismissed the remainingparties, seeking review of the matter. The Supreme Court stated that, asthe only remaining party defendant to the lawsuit was dismissed insummary judgment, it was relatively easy to detect that the summaryjudgment both affected a substantial right and completely determined thematter.
In Chef Italiano, supra, the Court was faced with circumstances similarto that presently at bar. The corporation was suing both multiple partiesand for multiple claims. Ultimately, the Court ruled that when thepartial summary judgment completely disposed of certain of the multipleclaims, these claims were final and appealable. Without explicitly sayingso, the Court also ruled that for any claim where there may be a body ofinterest with matters remaining before the trial court, the issues werenot final and appealable despite the inclusion of the language mandatedby Civ.R. 54(B).
The Chef Italiano decision must be applied with caution, because onlytwo judges ultimately concurred in both judgment and opinion. Two othersconcurred in the syllabus and judgment (that requirements of both Civ.R.54(B) and R.C. § 2505.02(B) must be met for an order to be consideredfinal and appealable). One judge concurred only with judgment, as did yetanother, who filed his own opinion expressly stating wholly separatereasons for concurring in judgment.
This Court has previously ruled on the issue to a certain degree. InWalkosky v. Valley Memorials (Sept. 27, 2001), Jefferson App. No.00-JE-39, unreported, this Court pointed out that subsequent to ChefItaliano, Civ.R. 54(B) was amended to better address the issue ofmultiple claims arising out of the same transaction. Relying in part onHitchings v. Weese (1997), 77 Ohio St.3d 390, and without muchdiscussion, we allowed an appeal of the decision to grant partial summaryjudgment. In looking at Walkosky, where the trial court granted defensemotions for summary judgment on plaintiff's claims of negligent andintentional infliction of emotional distress but left for trial a claimregarding invasion of privacy, it can be gleaned that the claimsdetermined in summary judgment had no "body of interest" with a claim forinvasion of privacy. That is, the elements necessary to prove thedismissed claims, and thus the facts which must underlie them, werewholly separate and distinct from those which must be pled and proven foran invasion of privacy claim. Of course, as these were multiple claimsarising out of the same incident or transaction, there will always be acertain factual overlap. However, any final determination as to theintentional and/or negligent infliction of emotional distress claims inno way hinged on the determination as to the allegations of invasion ofprivacy. Therefore, the partial summary judgment disposed of claimsregarding substantial rights and, in so doing, determined the action asregards those rights with finality, preventing judgment as to thoseclaims.
 In a like vein, we recently decided in Regional Imaging ConsultantsCorp. v. Computer Billing Services (Nov. 30, 2001), Mahoning App. No. 00CA 70, unreported, that partial summary judgment was ripe for appealpursuant to Civ.R. 54(B) and R.C. § 2505.02(B)(1). We determined thatone issue decided, dealing with defamation, was completely separate anddistinct from remaining claims. Because the adjudicated claim wascompletely and finally decided, did not depend or rely on any of theremaining claims or their underlying facts for determination, wedetermined that the defamation claim was finally and completely decidedagainst the plaintiff, preventing him from further judgment regardingthese issues. Computer Billing, infra at 13, citing to Curtiss-WrightCorp. v. General Elec. Co. (1980), 446 U.S. 1, 9, where the court held anissue was severable or separable where no subsequent appeal would need toaddress or decide the same issue or issues. However, as to other RegionalImaging claims filed in a second entry and combined with the earlierappeal, this Court held that there were issues still to be resolved wherethe claims adjudicated were necessary to those determinations or therewas a factual overlap such that final determination was not reached onall surrounding issues.
 Turning now to the case at bar, I believe the majority has our earlierrules of law turned backward. In looking at this matter, it is apparentthat Appellant's claims here are so overlapped or intertwined that suchseverability is impossible. The trial court determined counts two, threeand five in partial summary judgment, leaving counts one, four, six andseven. Disregarding count seven for purposes of discussion, as it iswholly derivative of Appellant's six other counts, count two was aretaliation claim based on Appellant's perceived sexual discrimination byway of a hostile workplace. Despite the fact that the trial court hasruled that there was no just reason for delay to appeal this issue, it iswholly conceivable that the trial court would revisit it once full trialin count one (her underlying sex discrimination claim) was held.Certainly, if Appellant presents evidence which convinces a trier of factthat such a hostile workplace existed, the retaliation claim gainscredence and relevance. Virtually identical evidence will be necessaryfor both claims, with Appellant further required to prove that when shecomplained of the alleged discrimination her employer retaliated againsther for so doing. As the remaining claim underlies and supports thedismissed claim, these cannot be said to be so separate that Appellant isprevented from prevailing on the underlying issues despite the court'sinterlocutory decision. Further complicating this matter is the fact thatAppellee withdrew its request for summary judgment on this issue and thefederal court reinstated Appellant's federal claims. Presumably, thetrial court took no action to correct or revisit its partial summaryjudgment as to this issue awaiting either our decision or that of thefederal court, however, it would seem that the interests of justice wouldbest be served by remanding these intertwined issues to the trier offact.
 We must remember in dealing with the issue, and it is apparent that themajority here does not take this into consideration, that the generalrule is that a partial summary judgment determination is interlocutory.Thus, the trial court retains jurisdiction over the matter and is free,at any time prior to full and complete determination of the case, tochange its mind on the matter contained within such an order. This has,in fact, happened in other cases and is the reason why a summary judgmentdetermination against a party cannot be appealed so long as a full trialon the merits will be held. Thus, I disagree with the majority when itstates at page 7 that Ms. Felger is, ". . . bound by the trial court'soriginal resolution . . ." of the issues decided in summary judgment.Because these are intertwined with the issues remaining before it, andthe decision to date is interlocutory in nature, Ms. Felger is free toattempt to change the trial court's mind on those issues at any time upto the court's final resolution of all issues.
 When the trial court granted Appellee summary judgment on the handicapdiscrimination claim, but kept jurisdiction to hear the issue of allegedretaliation based on this claim, the decision was merely interlocutory.For the reasons stated above, Appellant has not been prevented fromhaving her substantial right in this area adjudicated because she willnecessarily be forced to raise evidence dealing with her allegations inone area in order to prove the other. As to the general issue of herdisability claims, then, certain of these remain to be determined despitewhat the majority refers to as the trial court's so-called final action.
 While it is readily apparent that the earlier claims, whether "decided"or pending, are inextricably entwined, we should determine thatAppellant's fifth count, regarding alleged retaliatory actions by heremployer for filing a workers' compensation claim or claims, is also notripe for appeal. The trial court has left pending Appellant's allegationsregarding intentional implication of emotional distress. This count isall-inclusive of every allegation Appellant raises against her employer.Thus, while perhaps this particular issue is not intended to be directlydetermined by the trial court, her rights to show that the combined orcumulative actions by her employer caused her damage remain to be heard.A review of her complaint reveals that while on first blush this cause ofaction may be seen as severable, her real goal is to seek redress for thealleged combined wrongs of her employer. She may still do so, despite theinterlocutory partial summary judgment. Simply because the trial courthas ruled against her in one claim of her multiple-claim litigation doesnot mean that her action has effectively been determined or that she isprevented from judgment. All of her claims seek one common goal —redress for alleged wrongs. All of her claims have substantial overlapsin facts and evidence. All of her claims are united in her catch-allfound in count six. Appellant's underlying claims remain to this datelargely viable in the trial court. Thus, all of the provisions of R.C.§ 2505.02(B) are not met despite the invocation of the languagemandated by Civ.R. 26(B) and this matter is not yet final andappealable. See Hitchings v. Weese, infra, where, in a concurring opinion, Justice Resnick explained that when an underlying claim remains pending in the trial court the matter is not yet ripe for appeal.
For all of the foregoing, then, I believe that the majority, in reversing the interlocutory decisions, does so prematurely and without jurisdiction. I believe we must refuse jurisdiction, return the matter to the trial court and allow it to make a full and final determination as to all of the merits of this matter.