I disagree with the majority opinion here primarily because I do not believe we are yet presented with a final appealable order. This being the case, we have no jurisdiction to take and hear this matter and I would remand it back to the trial court explicitly for action on all pending matters and implicitly for its review of the interlocutory decisions I believe it has so far entered.
Before we may address the merits of this appeal, we must address the jurisdictional issue. If, as the trial court ultimately declares, the partial summary judgment entry is a final, appealable order, this Court has jurisdiction to decide the matter. However, if the reverse is true, we lack jurisdiction and the matter must be sent back to the trial court for a complete resolution of all issues before it may be appealed.
It is clear that there is no magic to the simple inclusion of the words, "no just reason for delay," into an entry. In order for our jurisdiction to vest, an order must conform to the requirements of both R.C. § 2505.02 and Civ.R. 54(B). Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86. While the order before us certainly contains the Civ.R. 54(B) language, more problematic in this multiple-issue case is whether the order appealed conforms with R.C. § 2505.02(B):
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action."
Clearly, subsections 2-5 cannot apply. We must decide then, if this partial summary judgment order affects a substantial right which effectively determines the outcome of the action and prevents the adverse party from obtaining a judgment on the issue or issues.
R.C. § 2505.02(A)(1) defines a "substantial right" as one, ". . . that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." When we turn to the claims decided in partial summary judgment, it can certainly be determined that Appellant's claims sounding in retaliation for raising sex discrimination complaints, her handicap or disability claims and her workers' compensation retaliation claims are all covered by this definition and must all be determined to be substantial rights. Our review cannot end here, however, for we must still determine whether the unfavorable disposition of these issues in effect determines their outcome and prevents Appellant from obtaining a judgment as to these issues. Because of their very nature, I would hold that this question must be answered in the negative and we must determine that this order is not yet ripe for appeal.
While dealing with another issue not present before us, the Ohio Supreme Court in Denham v. New Carlisle (1999), 86 Ohio St.3d 594, decided that in certain, select instances, summary judgment orders which, as a rule, are otherwise considered interlocutory when they only resolve partial claims or some of the parties' interests, may sometimes be final and appealable. The Court reinforced the notion that the requirements of both Civ.R. 54 and R.C. § 2505.02(B) must be met. Further, the Court reiterates that all applicable portions of 2505.02(B) must be met; that is, the right involved must be both substantial and completely resolved by the summary judgment. While statutory definition provides us with a guide to determining just what constitutes a substantial right, neither the statute nor the Court gives us guidance as to how we are to resolve whether a particular decision effectively determines the matter and prevents judgment for the complaining party. InDenham, one of multiple parties to an action was dismissed entirely in summary judgment and the plaintiff voluntarily dismissed the remaining parties, seeking review of the matter. The Supreme Court stated that, as the only remaining party defendant to the lawsuit was dismissed in summary judgment, it was relatively easy to detect that the summary judgment both affected a substantial right and completely determined the matter.
In Chef Italiano, supra, the Court was faced with circumstances similar to that presently at bar. The corporation was suing both multiple parties and for multiple claims. Ultimately, the Court ruled that when the partial summary judgment completely disposed of certain of the multiple claims, these claims were final and appealable. Without explicitly saying so, the Court also ruled that for any claim where there may be a body of interest with matters remaining before the trial court, the issues were not final and appealable despite the inclusion of the language mandated by Civ.R. 54(B).
The Chef Italiano decision must be applied with caution, because only two judges ultimately concurred in both judgment and opinion. Two others concurred in the syllabus and judgment (that requirements of both Civ.R. 54(B) and R.C. § 2505.02(B) must be met for an order to be considered final and appealable). One judge concurred only with judgment, as did yet another, who filed his own opinion expressly stating wholly separate reasons for concurring in judgment.
This Court has previously ruled on the issue to a certain degree. InWalkosky v. Valley Memorials (Sept. 27, 2001), Jefferson App. No. 00-JE-39, unreported, this Court pointed out that subsequent to ChefItaliano, Civ.R. 54(B) was amended to better address the issue of multiple claims arising out of the same transaction. Relying in part onHitchings v. Weese (1997), 77 Ohio St.3d 390, and without much discussion, we allowed an appeal of the decision to grant partial summary judgment. In looking at Walkosky, where the trial court granted defense motions for summary judgment on plaintiff's claims of negligent and intentional infliction of emotional distress but left for trial a claim regarding invasion of privacy, it can be gleaned that the claims determined in summary judgment had no "body of interest" with a claim for invasion of privacy. That is, the elements necessary to prove the dismissed claims, and thus the facts which must underlie them, were wholly separate and distinct from those which must be pled and proven for an invasion of privacy claim. Of course, as these were multiple claims arising out of the same incident or transaction, there will always be a certain factual overlap. However, any final determination as to the intentional and/or negligent infliction of emotional distress claims in no way hinged on the determination as to the allegations of invasion of privacy. Therefore, the partial summary judgment disposed of claims regarding substantial rights and, in so doing, determined the action as regards those rights with finality, preventing judgment as to those claims.
In a like vein, we recently decided in Regional Imaging ConsultantsCorp. v. Computer Billing Services (Nov. 30, 2001), Mahoning App. No. 00 CA 70, unreported, that partial summary judgment was ripe for appeal pursuant to Civ.R. 54(B) and R.C. § 2505.02(B)(1). We determined that one issue decided, dealing with defamation, was completely separate and distinct from remaining claims. Because the adjudicated claim was completely and finally decided, did not depend or rely on any of the remaining claims or their underlying facts for determination, we determined that the defamation claim was finally and completely decided against the plaintiff, preventing him from further judgment regarding these issues. Computer Billing, infra at 13, citing to Curtiss-WrightCorp. v. General Elec. Co. (1980), 446 U.S. 1, 9, where the court held an issue was severable or separable where no subsequent appeal would need to address or decide the same issue or issues. However, as to other RegionalImaging claims filed in a second entry and combined with the earlier appeal, this Court held that there were issues still to be resolved where the claims adjudicated were necessary to those determinations or there was a factual overlap such that final determination was not reached on all surrounding issues.
Turning now to the case at bar, I believe the majority has our earlier rules of law turned backward. In looking at this matter, it is apparent that Appellant's claims here are so overlapped or intertwined that such severability is impossible. The trial court determined counts two, three and five in partial summary judgment, leaving counts one, four, six and seven. Disregarding count seven for purposes of discussion, as it is wholly derivative of Appellant's six other counts, count two was a retaliation claim based on Appellant's perceived sexual discrimination by way of a hostile workplace. Despite the fact that the trial court has ruled that there was no just reason for delay to appeal this issue, it is wholly conceivable that the trial court would revisit it once full trial in count one (her underlying sex discrimination claim) was held. Certainly, if Appellant presents evidence which convinces a trier of fact that such a hostile workplace existed, the retaliation claim gains credence and relevance. Virtually identical evidence will be necessary for both claims, with Appellant further required to prove that when she complained of the alleged discrimination her employer retaliated against her for so doing. As the remaining claim underlies and supports the dismissed claim, these cannot be said to be so separate that Appellant is prevented from prevailing on the underlying issues despite the court'sinterlocutory decision. Further complicating this matter is the fact that Appellee withdrew its request for summary judgment on this issue and the federal court reinstated Appellant's federal claims. Presumably, the trial court took no action to correct or revisit its partial summary judgment as to this issue awaiting either our decision or that of the federal court, however, it would seem that the interests of justice would best be served by remanding these intertwined issues to the trier of fact.
We must remember in dealing with the issue, and it is apparent that the majority here does not take this into consideration, that the general rule is that a partial summary judgment determination is interlocutory. Thus, the trial court retains jurisdiction over the matter and is free, at any time prior to full and complete determination of the case, to change its mind on the matter contained within such an order. This has, in fact, happened in other cases and is the reason why a summary judgment determination against a party cannot be appealed so long as a full trial on the merits will be held. Thus, I disagree with the majority when it states at page 7 that Ms. Felger is, ". . . bound by the trial court's original resolution . . ." of the issues decided in summary judgment. Because these are intertwined with the issues remaining before it, and the decision to date is interlocutory in nature, Ms. Felger is free to attempt to change the trial court's mind on those issues at any time up to the court's final resolution of all issues.
When the trial court granted Appellee summary judgment on the handicap discrimination claim, but kept jurisdiction to hear the issue of alleged retaliation based on this claim, the decision was merely interlocutory. For the reasons stated above, Appellant has not been prevented from having her substantial right in this area adjudicated because she will necessarily be forced to raise evidence dealing with her allegations in one area in order to prove the other. As to the general issue of her disability claims, then, certain of these remain to be determined despite what the majority refers to as the trial court's so-called final action.
While it is readily apparent that the earlier claims, whether "decided" or pending, are inextricably entwined, we should determine that Appellant's fifth count, regarding alleged retaliatory actions by her employer for filing a workers' compensation claim or claims, is also not ripe for appeal. The trial court has left pending Appellant's allegations regarding intentional implication of emotional distress. This count is all-inclusive of every allegation Appellant raises against her employer. Thus, while perhaps this particular issue is not intended to be directly determined by the trial court, her rights to show that the combined or cumulative actions by her employer caused her damage remain to be heard. A review of her complaint reveals that while on first blush this cause of action may be seen as severable, her real goal is to seek redress for the alleged combined wrongs of her employer. She may still do so, despite the interlocutory partial summary judgment. Simply because the trial court has ruled against her in one claim of her multiple-claim litigation does not mean that her action has effectively been determined or that she is prevented from judgment. All of her claims seek one common goal — redress for alleged wrongs. All of her claims have substantial overlaps in facts and evidence. All of her claims are united in her catch-all found in count six. Appellant's underlying claims remain to this date largely viable in the trial court. Thus, all of the provisions of R.C. § 2505.02(B) are not met despite the invocation of the language mandated by Civ.R. 26(B) and this matter is not yet final and appealable. See Hitchings v. Weese, infra, where, in a concurring opinion, Justice Resnick explained that when an underlying claim remains pending in the trial court the matter is not yet ripe for appeal.
For all of the foregoing, then, I believe that the majority, in reversing the interlocutory decisions, does so prematurely and without jurisdiction. I believe we must refuse jurisdiction, return the matter to the trial court and allow it to make a full and final determination as to all of the merits of this matter.