DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment that (1) reinstated a default judgment granted in favor of Don Sims, defendant below and appellee herein, on his counterclaim; and (2) dismissed a complaint filed against Sims by Shane Woodgeard, plaintiff below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE COURT ERRED IN DISMISSING THE ABOVE MENTIONED CASE, WHILE RULING AGAINST APPELLANT ON A SEPARATE COUNTER CLAIM THAT WAS FRAUDULENT AND WITHOUT MERIT. EVEN IF THE COUNTER CLAIM WAS NOT WON BY APPELLANT, HIS ORIGINAL CLAIM STILL STANDS AND SHOULD BE CONSIDERED SEPARATE FROM THE COUNTER CLAIM. A DIRECT VIOLATION OF APPELLANT'S 14TH AMENDMENT CONSTITUTIONAL RIGHTS."
SECOND ASSIGNMENT OF ERROR:
"THE COURT ACCEPTED AND BASED ITS DECISION FOR DISMISSAL OF THE ORIGINAL CASE AND GRANTED THE COUNTER CLAIM, ON UNRELATED INFORMATION BROUGHT FORTH FOR THE COUNTER CLAIM BY THE APPELLEE, WITHOUT NOTICE TO THE APPELLANT, SUCH INFORMATION WAS NOT ONLY INADMISSIBLE BUT PURPOSELY MISLEADING AND LIKELY FRAUDULENT."
THIRD ASSIGNMENT OF ERROR:
"THE COURT ERRED IN STATING AN OBVIOUS BIAS TOWARD THE DEFENDANTS ATTORNEY IN JUDGES CHAMBERS ON MARCH 28TH, 2005, STATING THAT PLAINTIFF WAS UP AGAINST A GOOD ATTORNEY AND SHOULD HIRE AN ATTORNEY FOR HIMSELF, PRIOR TO ALLOWING A ONE SIDED QUESTIONING OF THE PLAINTIFF BY THE DEFENSE AT A PRE-TRIAL HEARING."
FOURTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN DENYING A VERY WELL SUPPORTED SUMMARY JUDGMENT TO THE APPELLANT."
FIFTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN NOT FOLLOWING ITS OWN DOCKET, APPELLANT APPEARED AT PRE-TRIAL, YET NO PRE-TRIAL WAS HELD OR RESCHEDULED. AT SUCH THE COURT ALLOWED A ONE SIDE QUESTIONING OF THE APPELLANT BY THE APPELLEE, YET QUESTIONING HAD NO RELEVANCE TO PRE-TRIAL. FURTHERMORE, QUESTIONS WERE IRRELEVANT TO THE APPELLANTS ORIGINAL CASE. SUCH IS A DIRECT VIOLATION OF APPELLANTS 14TH AMENDMENT CONSTITUTIONAL RIGHTS AND CIVIL RULES."
SIXTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN NOT ACTING ON THE FACT THAT APPELLEE CURSED AND INTIMIDATED APPELLANT, PRIOR TO, AND WHILE ATTEMPTING TO LEAVE THE COURTHOUSE FOR A SCHEDULED PRE-TRIAL. EVEN THOUGH THE ORIGINAL COMPLAINT WAS BASED ON TRESPASSING AND ASSAULT OF THE APPELLEE ON THE APPELLANT AND A TOTAL OF 4 CHARGES WHICH WERE BROUGHT BY THE STATE AGAINST APPELLEE, AND APPELLEE ADMITTED TO SUCH IN A PLEA AGREEMENT."
SEVENTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN NOT DISMISSING A FRAUDULENT AND UNSUBSTANTIATED COUNTER CLAIM, WHICH WAS ONLY BASED ON ONLY A DENIAL OF THE ORIGINAL COMPLAINT. NOR DID THE APPELLEE PROVIDE SERVICE ON APPELLANT OF SUCH COUNTER CLAIM."
EIGHTH ASSIGNMENT OF ERROR:
"THE COURT FAILED TO ENFORCE CIVIL RULES 26, 33, 34 AND 36, WHERE THE APPELLEE TOOK 7 WEEKS TO RETURN THE FIRST SET INTERROGATORIES SENT BY THE APPELLANT AND DID SO WITHOUT THE APPELLEE SIGNING SUCH AS REQUIRED BE [sic] CIVIL RULES. FINALLY VERIFICATION WAS SENT SEPARATELY SOME 40 DAYS LATER."
NINTH ASSIGNMENT OF ERROR:
"AGAIN AS STATED IN [ASSIGNMENT OF ERROR NUMBER EIGHT], THE COURT ERRED IN ALLOWING A SECOND SET OF INTERROGATORIES TO BE SENT LATE, APPROXIMATELY 1 WEEK AFTER THE 28 DAYS ALLOWED BY THE CIVIL RULES, IN NEITHER INSTANCE WERE SANCTIONS OR ANY RELIEF GIVEN THE APPELLANT AS ASKED FOR."
TENTH ASSIGNMENT OF ERROR:
"THE COURT DELAYED SENDING OUT A NOTICE OF DISMISSAL OF THE ORIGINAL CASE, AS TO ATTEMPT TO HINDER APPELLANT IN FILING AN APPEAL IN A TIMELY MANNER. FURTHERMORE SUCH ENTRY WAS MADE SEPTEMBER 6TH, YET PLAINTIFF DID NOT RECEIVE SUCH UNTIL SEPTEMBER 10TH, 2005, AFTER CALLING THE JUDGE'S SECRETARY ON 3 OCCASIONS AND REQUESTING A NOTICE OF DISMISSAL, ETC. THE USUAL MAIL TIME BEING 1 DAY."
ELEVENTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN NOT ALLOWING APPELLANT A CONTINUANCE AS THE APPELLANT WAS RELEASED LESS THAN 1 DAY PRIOR TO THE HEARING FROM THE HOSPITAL, PLACED ON PAIN MEDICINE FOR A KIDNEY STONE AND DID NOT APPEAR DUE TO A POWER FAILURE CAUSED BY REMNANTS OF HURRICANE KATRINA PASSING THROUGH THE AREA THAT MORNING. APPELLANT DID CALL THE COURT, JUST AFTER THE TIME SCHEDULED AND EXPLAINED WHAT HAD HAPPENED, YET WAS NOT ALLOWED ½ HOUR TO GET TO THE HEARING OR A CONTINUANCE. AS THE COURT STATES IN ITS OWN ENTRY, THIS WAS SIMPLY A RECONSIDERATION HEARING, WHICH WAS THE 2ND HEARING ALLOWED ON AN UNSUBSTANTIATED COUNTER CLAIM THAT WAS NOT PRESENTED TO THE APPELLANT UNTIL APPROXIMATELY 2 MONTHS AFTER THE ORIGINAL COMPLAINT WAS FILED, NOR WAS IT SERVED ON APPELLANT. FURTHERMORE THIS HEARING HAD NO BEARING ON THE ORIGINAL COMPLAINT, NOR DID IT BEAR ANY RELEVANCE TO THE UNSUBSTANTIATED COUNTER CLAIM THAT THE APPELLEE BROUGHT AFTER TIME HAD EXPIRED ON SUCH. THEREFORE, THE COURT ERRED IN EVEN HAVING A SECOND HEARING FOR THE COUNTER CLAIM, ERRED IN AWARDING THE COUNTER CLAIM AND ERRED EVEN MORE SEVERELY IN DISMISSING THE APPELLANTS ORIGINAL CLAIM."
TWELFTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN ITS EXTREME, REPEATED AND CONTINUED BIAS AND INTIMIDATION IN THE CASE AND ALSO IN ALLOWING ANY AND ALL MOTIONS BY APPELLEE, AND DENYING ANY AND ALL, WELL SUPPORTED MOTIONS OF APPELLANT AND OPENLY ADMITS PREJUDICE IN ITS DISMISSAL OF THE CASE."
THIRTEENTH ASSIGNMENT OF ERROR:
"THE COURT ERRED IN REINSTATING AN ORDER FOR THE COUNTER CLAIM WHICH IT RULED TO PUT ASIDE ON MARCH 28TH, 2005. SUCH WAS BASED ON BIASED, IRRELEVANT AND EXAGGERATED INFORMATION THAT SHOULD HAVE BEEN BARRED FROM THE CASE AND THE COURT FURTHER ERRED IN ALLOWING FURTHER BIAS TO BE PRESENTED WITHOUT ANY NOTICE TO THE APPELLANT."
FOURTEENTH ASSIGNMENT OF ERROR:
"THE COURT ERRED BY THREATENING AND DISRESPECTING APPELLANT WITH FALSE CHARGES, AS TO DATE AND PER A CONVERSATION WITH THE COUNTY PROSECUTOR, NO CHARGES HAVE BEEN FILED OR BROUGHT FORTH. SUCH WERE MENTIONED VIA PHONE BY THE JUDGE IN THE CASE, FOR PURPOSES OF INTIMIDATION IN BRINGING AN APPEAL OF THE RULING."
 {¶ 3} On November 2, 2004, appellant filed a lengthy pro se complaint against appellee alleging trespass and assault. He asked for $5,000 in compensatory damages and $25,000 in punitive damages. Appellee denied liability and asserted a variety of defenses. Appellee also counterclaimed and alleged abuse of process and asked $1,000 in compensatory damages.
 {¶ 4} After a month without response to his counterclaim, appellee requested default judgment. The trial court granted his motion, but awarded no damages pending a resolution of appellant's complaint on the merits. At the pre-trial hearing, appellant claimed that he did not receive a copy of the counterclaim. After listening to appellant's testimony, the trial court set aside the default judgment. The court then inquired whether appellant would be hiring an attorney to represent him. Appellant responded that he did not have the funds. The court also asked appellant how many lawsuits he had participated in over the years. Appellant replied "one or two" in the last "ten years," and maybe "two or three" in his "whole life."
 {¶ 5} On July 20, 2005, appellee requested the court to reconsider its decision to vacate the default judgment on grounds that appellant gave perjured testimony at the pre-trial hearing. In particular, he cited appellant's statements that he had been involved in only a few prior lawsuits. Appellee argued appellant had been involved in much more litigation, including seventeen (17) actions filed in Fairfield County alone. Appellant filed a memorandum in opposition that argued, in essence, that he was being attacked, libeled and slandered by appellee and his counsel.
 {¶ 6} The matter came on for hearing and apparently no transcript of that hearing is included in the record. A week later, the trial court granted appellee's motion, reinstated the default judgment and dismissed appellant's complaint with prejudice. The court explained that in setting aside the default judgment it relied on "perjured testimony." This appeal followed.
 I {¶ 7} Before we review the assignments of error on their merits, we must first address a threshold jurisdictional issue. Ohio courts of appeals have appellate jurisdiction over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. A "final order" is one that, among other things, determines the action. See R.C. 2505.02(B)(1). An order determines the action when it disposes of all issues in the case leaving nothing for further adjudication. Legg v. Fuchs (Nov. 11, 2000), Cuyahoga App. No. 76406; Twinsburg v. Bucky Arnes, Inc. (Sep. 17, 1980), Summit App. No. 9677. If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter and the matter must be dismissed. Prod. Credit Assn. v. Hedges
(1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, at fn. 2;Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501,617 N.E.2d 701.
 {¶ 8} In the case at bar, the trial court's September 6, 2005 entry reinstated the default judgment granted appellee. However, the default judgment did not determine the issue of damages to which appellee may be entitled on his counterclaim. Indeed, the trial court explicitly stated that the damage issue must be deferred until the complaint is resolved on its merits. A judgment that determines liability, but defers damages for later adjudication, is neither final nor appealable. Hitchings v.Weese, 77 Ohio St.3d 390, 391, 1997-Ohio-290, 674 N.E.2d 688, (Resnick, J. Concurring); also see McKee v. Inabnitt, Adams App. No. 01CA711, 2001-Ohio-2595; Miller v. Biggers, Scioto App. No. 00CA2751, 2001-Ohio-2544.[1]
 {¶ 9} Moreover, although the trial court dismissed appellant's complaint in its September 6, 2005, entry, the deficiency has not been cured. The court has found appellant liable on appellee's counterclaim, but has not awarded damages. The question of damages must still be determined.
 {¶ 10} Accordingly, we conclude that the September 6, 2005 entry does not determine the action for purposes of R.C.2505.02(B)(1) and, as such, the order is neither final nor appealable. Thus, we have no jurisdiction and the appeal is hereby dismissed.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] The trial court was obviously cognizant of this issue when the default judgment was first granted because the entry contained in the original papers has a note attached to it that states it is "not final appealable because no amount set." Nevertheless, appellant filed a notice of appeal and attempted to pursue this course of action.