OPINION
{¶ 1} Respondents Debbie K. Lent and Peter J. Vasilakos appeal a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which sustained the motion of Relator, State of Ohio, for enforcement of judgment, and directed the sheriff to conduct a sale of the property known as the Ugly Mug, Limited, in Port Washington, Tuscarawas County, Ohio. Appellants assign a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN ORDERING SALE OF THE PROPERTY AT ISSUE WITHOUT FINAL HEARING."
 {¶ 3} On March 5, 2004, the Tuscarawas County Prosecuting Attorney filed a complaint against the Ugly Mug, Limited and its sole members and owners Lent and Vasilakos, alleging the Ugly Mug Tavern constituted a statutory and public nuisance, and asking the court to order the sheriff to abate the nuisances. The State asked for an order enjoining the nuisances, and closing the Ugly Mug Tavern for a period of one year, and suspending the right to sell alcoholic beverages. The liquor license issued to the Ugly Mug Tavern was the subject of administrative hearings with the Liquor Control Commission.
 {¶ 4} On March 10, 2004, appellants filed a notice of removal to Federal District Court, but on June 2, 2004, the United States District Court for the Northern District of Ohio, Eastern Division remanded the matter back to the common pleas court.
 {¶ 5} On June 11, 2004, the parties entered into an agreed judgment entry, stipulating to the grounds for a temporary injunction. Appellants agreed to sell the Ugly Mug within one year, but not to any individual related to appellants, or to any of its employees, agents, or persons who have had business relationships with the Ugly Mug or the appellants. The appellants agreed to notify the prosecuting attorney of the name and address of any potential purchaser to verify the proposed transfer complies with the terms of the agreement. They also agreed to place certain restrictions in the deed.
 {¶ 6} In return, the parties requested the Division of Liquor Control to hold the liquor permit in safekeeping for possible transfer to a potential purchaser. The appellants also agreed they would not directly or indirectly acquire, operate, or hold any interest in a liquor permit premises or any business engaged in nude or partially nude dancing in Tuscarawas County, Ohio.
 {¶ 7} The trial court found the parties entered into the agreement knowingly and voluntarily after full consultation with counsel. The court found the proposed settlement agreement is fair and equitable. The court adopted the agreement into the order of the court and authorized the Sheriff of Tuscarawas County, Ohio, to execute it.
 {¶ 8} Although the parties represented the agreement settled all of the issues between them, the court continued the matter for a final hearing and formal determination of the existence and continuance of a nuisance.
 {¶ 9} During the subsequent year, appellants tried on several occasions to modify or vacate the agreement. Appellants argued the status of the liquor permit was a detriment to the sale of property, and the State had objected to the only potential buyer because he had been employed at the Ugly Mug.
 {¶ 10} On June 17, 2005, the State moved to enforce the agreement and to authorize the Tuscarawas County Sheriff to sell the Ugly Mug. On August 15, 2005, the court conducted a status conference on various pending matters. Neither appellant was present, because Vasilakos was incarcerated and Lent was seriously ill. At the hearing, appellants' counsel moved to withdraw from the case. The trial court permitted counsel to withdraw, and then conducted a bench trial on a collateral matter. It does not appear from the transcript the court conducted a hearing on the state's motion to execute judgment. On August 23, 2005, the court sustained the motion and directed the Sheriff to conduct a sale.
 {¶ 11} Section III (B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments. For a judgment to be final and appealable it must satisfy R.C. 2505.02 and, if applicable, Civ. R. 54 (B), Hitching v. Weese, 77 Ohio St. 3d 390,1997-Ohio-290, 679 N.E. 2d 668 (Resnick, Justice, concurring), citations deleted.
 {¶ 12} The parties to this appeal have not raised the issue of whether this appeal is taken from a final appealable order, but this court must sua sponte determine if we have jurisdiction, Id. For the following reasons, we determine the order appealed from is not a final order and therefore we lack jurisdiction.
 {¶ 13} Although the parties represented their settlement agreement disposed of all the issues, the trial court continued the matter for final hearing and formal determination of the existence and continuance of a nuisance. The record does not indicate the court ever entered judgment on this portion of the case. Appellants argue the trial court did not conduct a final hearing on the matter, and we agree.
 {¶ 14} We find the order appealed from is not final, and we have no jurisdiction over this matter. The appeal is dismissed.
Gwin, P.J., and Boggins, J., concur; Hoffman, J., dissents