[Cite as *Hoenigman v. Ruiz*, 2021-Ohio-2029.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PATRICIA J. HOENIGMAN, ET AL.,       :

    Plaintiffs-Appellants,       :

                   No. 109888

    v.       :

WILMARIE RUIZ,       :

    Defendant-Appellee.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** June 17, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-914146

---

### *Appearances:*

Connick Law L.L.C., and Thomas J. Connick, *for appellants.*

Richard A. Di Lisi and Karen A. Perez, *for appellee.*

MARY J. BOYLE, A.J.:

{¶ 1} Plaintiffs-appellants, Patricia and Eric Hoenigman, appeal the trial court's judgment granting defendant-appellee, Wilmarie Ruiz, partial summary judgment on the issues of punitive damages and attorney fees. They raise one assignment of error for our review:

The trial court erred in granting defendant-appellee's motion for summary judgment on the issue of punitive damages and attorney's fees.

{¶ 2} After reviewing the parties' arguments regarding our jurisdiction over this appeal, we find that the trial court's judgment was not a final, appealable order, and we, therefore, dismiss this appeal for lack of appellate jurisdiction.

## I. Procedural History and Factual Background

{¶ 3} In April 2019, appellants filed a complaint against appellee for damages arising from a motor vehicle collision. Appellants alleged that on June 17, 2017, both Patricia Hoenigman and appellee were driving eastbound on Interstate 90 when appellee's vehicle struck Patricia's, injuring Patricia and damaging her vehicle. Appellants claimed that at the time of the accident, appellee "was drag racing at a recklessly high rate of speed." The complaint sets forth two counts: negligence and loss of consortium. In their prayer for relief, appellants sought compensatory damages, punitive damages, attorney fees, pre- and post-judgment interest, and court costs.

{¶ 4} In May 2019, appellee filed a motion to bifurcate the case into an initial phase involving liability and compensatory damages and, if necessary, a second phase to determine punitive damages. The trial court granted the unopposed motion.

{¶ 5} In January 2020, appellee filed a motion for partial summary judgment "on the issue of punitive damages and attorney fees." She argued that appellants had no evidence that she had been "drag racing" or that she acted with

malice or bad faith. Appellants filed an opposition in which they attached an affidavit of Kristen McDevitt, an eyewitness to the accident. McDevitt averred that she saw a car drive past her to her left at "a very high rate of speed," followed by appellee's vehicle "also traveling at a very high rate of speed." The affidavit states that McDevitt told the police that she "thought the two cars were racing." Appellants argued that this affidavit was sufficient evidence to support punitive damages because it showed that appellee acted with "wanton or reckless disregard of the legal rights of others."

{¶ 6} After full briefing, on July 16, 2020, the trial court granted appellee's motion for partial summary judgment. The trial court found that "the facts presented support proceeding on a claim of negligence, but do not establish the requisite degree of malice necessary to maintain a claim for punitive damages." The judgment entry states that "[appellants'] claims for punitive damages and attorney fees are hereby dismissed with prejudice. Partial. There is no just reason for delay."

{¶ 7} It is from this judgment that appellants timely appeal.

## II. Final Order

{¶ 8} Before we can reach the merits of appellants' arguments, we must address the threshold issue of jurisdiction. Appellants claim that the trial court's judgment is appealable at this stage of the proceedings because the trial court dismissed their "claim" for punitive damages and attorney fees specifically "with prejudice." They contend that even though the order is interlocutory, the trial court intended its order to be immediately appealable because it included the Civ.R. 54(B)

certification of "no just reason for delay." They further maintain that they are entitled to appeal the trial court's judgment now because the order prevents them from presenting evidence of recklessness and malice to the same jury that will determine the issue of compensatory damages.

{¶ 9} The jurisdiction of a court of appeals is constitutionally limited to the review of "final" orders. *See* Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02(B). To be a final, appealable order, the order must meet the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 6, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶ 10} Under R.C. 2505.02(B)(1), an order is final if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." To determine the action and prevent a judgment, the order "'must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court.'" *Madfan* at ¶ 6, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶ 11} An order that grants partial summary judgment on the issues of punitive damages and attorney fees but leaves the underlying claim pending is not a final order under R.C. 2505.02(B)(1) because it does not "dispose of the whole merits" of a claim. In *Heffernan v. Cent. Natl. Bank*, 8th Dist. Cuyahoga No. 52250, 1987 Ohio App. LEXIS 7478, 1 (June 11, 1987), this court addressed an order that

resolved a motion for partial summary judgment on the issues of punitive damages and attorney fees and found no just reason for delay. We explained that the judgment merely limited the kinds of damages that could be awarded at trial and did not fully adjudicate the plaintiff's claim. *Id.* at 2-3. We found that we lacked jurisdiction over the appeal, holding that "an order striking punitive damages and attorney fees allegations while leaving the issue of actual damages pending is not an order which 'determines the action and prevents a judgment.'" *Id.* at ¶ 3, quoting R.C. 2505.02(B). Instead, such an order is interlocutory because it is "subject to revision by the trial court at any time prior to the entering of a final judgment in the case." *Marc Glassman, Inc. v. Fagan*, 8th Dist. Cuyahoga No. 87164, 2006-Ohio-5577, ¶ 11. After the trial court enters a final judgment in the case, the interlocutory orders merge into the final judgment and only then become appealable. *Id.*

{¶ 12} Our holding in *Heffernan* is consistent with Ohio case law that an order resolving punitive damages but not the underlying claim is not a final judgment that can be immediately appealed. *See Hitchings v. Weese*, 77 Ohio St.3d 390, 391-392, 674 N.E.2d 688 (1997) (trial court's ruling on punitive damages was not a final order because the underlying claim remained pending); *Norvell v. Cuyahoga Cty. Hosp.*, 11 Ohio App.3d 70, 70, 463 N.E.2d 111 (8th Dist.1983) ("An order which strikes some damage allegations from the plaintiff's pleading, while permitting consideration of other claimed damages on the same cause of action, is not appealable."); *Worthington v. Wells Fargo Bank Minn., NA*, 5th Dist. Richland No. 10 CA 40, 2010-Ohio-4541, ¶ 29, quoting *Aamco Transmissions v. Hatcher*, 5th

Dist. Stark No. CA-7660, 1989 Ohio App. LEXIS 2386, 4 (June 19, 1989) ("[A]n order on 'summary judgment dismissing the punitive damages prayer for relief while leaving the compensatory damage[s] claim extant is not a final appealable order.'"); *Horner v. Toledo Hosp.*, 94 Ohio App.3d 282, 288, 640 N.E.2d 857 (6th Dist.1993) (plaintiff asserted one claim with a demand for both punitive and compensatory damages, and "the prayer for punitive damages is not a separate claim in itself but rather an issue in the overall claim for damages").

{¶ 13} Here, the trial court's judgment granting partial summary judgment on the issues of punitive damages and attorney fees did not fully resolve any of appellants' claims. Appellants asserted two claims (negligence and loss of consortium), and they demanded punitive damages and attorney fees in their prayer for relief. Although the trial court's judgment resolved the issues of punitive damages and attorney fees, the issue of compensatory damages for both claims remains. Despite the trial court's language that it "dismissed with prejudice" the "claims for punitive damages and attorney fees," the issues of punitive damages and attorney fees were not independent claims. The trial court's judgment limited the damages that appellants can receive if they succeed at trial, but it did not fully resolve either the claim for negligence or the claim for loss of consortium. Ohio case law is clear that such an order is not final under R.C. 2505.02(B)(1) and is not immediately appealable. *Heffernan* at 3; *Hitchings* at 391-392; *Norvell* at paragraph one of the syllabus; *Horner* at 288.

{¶ 14} Appellants' argument that the trial court intended its order to be immediately appealable lacks merit. It is well established that a trial court's finding of "no just reason for delay" cannot "transform an order that was not final for purposes of R.C. 2505.02 into a final appealable order for Civ.R. 54(B) purposes." *Hitchings* at 391. Pursuant to Civ.R. 54(B), "[i]f a court enters final judgment as to some but not all of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 22, 540 N.E.2d 266 (1989). But because the trial court's judgment did not fully adjudicate any of appellants' claims, Civ.R. 54(B) does not apply here and does not render the judgment either final or immediately appealable. *See Norvell* at 71 ("An order which fails to conclude an entire cause of action is nonfinal and nonappealable, despite the court's certification in Civ.R. 54(B) language."); *White v. Emmons*, 4th Dist. Scioto No. 10CA3340, 2011-Ohio-1745, ¶ 9 (Civ.R. 54(B) certification of "no just reason for delay" did not cure defect that the trial court's judgment did not fully resolve any claim); Painter and Pollis, *Ohio Appellate Practice*, Section 2:9 (2019) ("Rule 54(B) language does not apply, for example, when a single claim has not been fully resolved, such as when the trial court has resolved liability but not damages or when the trial court has not adjudicated all the forms of requested relief[.]").

{¶ 15} Appellants' argument that the trial court's order is final because it used the language "with prejudice" is also misplaced. We recognize that "[a] dismissal with prejudice in a civil case affects the substantial right of the plaintiff to

seek redress for injury in the courts." *Sunkin v. Collision Pro, Inc.*, 174 Ohio App.3d 56, 63, 2007-Ohio-6046, 800 N.E.2d 947 (9th Dist.). However, as previously discussed, the issues of punitive damages and attorney fees were not independent claims that were capable of being dismissed with prejudice. The judgment is an interlocutory order that the trial court can revise at any time before entering a final judgment in the case. *Marc Glassman*, 8th Dist. Cuyahoga No. 87164, 2006-Ohio-5577, at ¶ 11.

{¶ 16} Because the trial court's judgment is not a final order that can be appealed at this time, we have no jurisdiction over this appeal. We therefore cannot reach the merits of appellants' arguments about whether McDevitt's affidavit was self-serving and whether it created a genuine issue of material fact.

{¶ 17} Appeal dismissed.

It is ordered that appellee recover from appellants the costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MICHELLE J. SHEEHAN, J., CONCUR