## In re BERMAN.

[Cite as *In re Berman* (1990), 69 Ohio App.3d 324.]

Court of Appeals of Ohio,
Jackson County.

No. 610.

Decided Sept. 11, 1990.

*Lavelle Law Offices* and *William A. Lavelle,* for appellant, Richard A. Berman.

*Marshall B. Douthett,* for appellee, Devon Ann Wills.

HARSHA, Judge.

This is an appeal from a judgment entered by the Jackson County Court of Common Pleas, Juvenile Division, ratifying an agreement between Richard A. Berman, appellant, and Devon Ann Wills, appellee, to have joint custody of their child, Barbara Jo Ann Berman, and further overruling appellant's motion to dismiss the action for lack of subject matter jurisdiction. Additionally, the trial court entry ordered both parties to submit financial affidavits upon which the court could establish a reasonable amount of child support. We dismiss for lack of jurisdiction.

Appellant assigns the following error:

"The Court erred, in ruling on it's [*sic*] jurisdiction regarding a COMPLAINT alleging that the minor child herein was dependent under Chapter 2151 of the Ohio Revised Code, that it had jurisdiction under Chapter 3115 of the Ohio Revised Code to issue a child support ORDER."

The record in the case at bar reveals the following pertinent facts. On October 2, 1981, the parties were married at Philadelphia, Pennsylvania, and on April 8, 1982, Barbara Jo Ann Berman was born as the only child of the marriage. On March 7, 1985, the Franklin County, Ohio Court of Common Pleas, Division of Domestic Relations, filed a judgment entry decree of divorce, which granted appellee a divorce from appellant on the basis that the parties had lived separate and apart without any interruption and without cohabitation for more than one year. The Franklin County court specifically noted in its March 7, 1985 entry that appellee had not sought any order from the court in regard to custody, visitation, or child support, and that such issues were the subject of a separate legal proceeding in the Montgomery County, Pennsylvania Court of Common Pleas.

On November 17, 1985, the Montgomery County, Pennsylvania Court of Common Pleas filed an entry approving and incorporating an agreement between the parties which provided for joint custody of the parties' child. On December 18, 1987, the Montgomery County, Pennsylvania Court of Common Pleas filed an entry approving and incorporating a new agreement between the parties, which again provided for joint custody and further provided, in pertinent part, as follows:

"The parties agree that major and significant decisions concerning Barbara's * * * education * * * and other significant decisions impacting upon her well-being shall be made by the parties jointly, after discussion and consultation with each other, with a view towards obtaining and following a harmonious policy in the Child's best interests."

Appellant filed a petition in the Montgomery County, Pennsylvania Court of Common Pleas on June 30, 1988 to modify custody and a motion for contempt on the basis that appellee enrolled the parties' child in a parochial school for the 1988–1989 school year without consulting appellant. Appellee filed a motion to quash appellant's petition on the ground that the Pennsylvania court lacked subject matter jurisdiction pursuant to applicable provisions of the Uniform Child Custody Jurisdiction Act. On August 29, 1988, the Pennsylvania court issued an order denying appellee's motion to quash appellant's petition for lack of subject matter jurisdiction, determined that appellee was in contempt of the trial court's December 1987 order, dismissed appellant's petition for modification of custody, restrained appellee from enrolling the

parties' child in a parochial school absent an agreement with appellant or without express permission of the court, and further refused to stay such order pending an appeal from the order. Appellee appealed the Pennsylvania court's order and such order was pending during the proceedings herein.

On the same date that the Pennsylvania court's order was issued, *i.e.,* August 29, 1988, appellee filed a complaint in the Jackson County, Ohio Court of Common Pleas, Juvenile Division, which averred that the parties' child was dependent in that appellant had failed to provide care, support and maintenance to the child since September 1987 and that appellant had "fraudulently obtained" the August 29, 1988 order from the Pennsylvania court. Appellee also filed an application for temporary placement and custody of the parties' child. On September 8, 1988, appellant filed a motion to dismiss the action for lack of subject matter jurisdiction. On September 12, 1988, the trial court entered an order continuing the temporary custody of the parties' child with appellee and further holding that the August 29, 1988 Pennsylvania court entry was entitled to full force and effect, specifying that the parties' child would be removed from the parochial school and placed in a public school.

On January 31, 1989, appellee filed a motion for temporary and permanent child support. On September 12, 1988, a hearing was held before the trial court. On April 28, 1989, the trial court filed a "JUDGMENT ENTRY" wherein the court determined: (1) appellee's dependency complaint alleged sufficient facts to constitute an action for the reciprocal enforcement of support pursuant to R.C. Chapter 3115; (2) since appellant personally appeared in the court and submitted himself to the jurisdiction of the court, the court had jurisdiction over the action; (3) the joint custody agreement of the parties as incorporated in the Pennsylvania court decree was affirmed and ratified; and (4) the parties were ordered to submit financial affidavits so that the trial court could subsequently establish a reasonable amount of support for the parties' minor child. No support entry appears in the record herein. Appellant filed a notice of appeal from the trial court's April 28, 1989 entry.

Every final order may be reviewed on appeal. R.C. 2505.03(A). R.C. 2505.02 defines three types of final orders: (1) an order affecting a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 66–67. Assuming, *arguendo,* that the entry appealed from herein met the requirements of R.C. 2505.02, such finding does not conclude our inquiry into whether a final appealable order exists.

An order of a court is a final, appealable order only if the requirements of *both* Civ.R. 54(B), if applicable, and R.C. 2505.02 are met. *Chef Italiano Corp.,* at syllabus. An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.

Civ.R. 54(B) provides as follows:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

If an order disposes of fewer than all of the claims of the parties in a multiclaim case, Civ.R. 54(B) allows it to be made final and appealable only if the court expressly determines in its order "that there is no just reason for delay." *Chef Italiano, supra; Noble, supra.* This applies with equal validity in domestic relations cases. See, generally, Baldwin's Ohio Domestic Relations Law (1988), T 67.03; *Eligado v. Eligado* (Nov. 25, 1981), Cuyahoga App. No. 43625, unreported, 1981 WL 4644.

Civ.R. 54(B) applies only when there is either a multiplicity of claims and/or parties involved in an action. A definition for the term "claim" is not provided for by the rules themselves or, apparently, has a precise definition been affixed thereto by an Ohio court. However, the provisions of Ohio Civ.R. 54(B) are based upon the provisions of Fed.R.Civ.P. 54(b). See Staff Notes to Civ.R. 54(B) in 10 West's Ohio Practice (1970) 213. Thus, it is appropriate to inquire as to whether the issue has been considered by the federal courts.

However, even in analyzing the decisions of federal courts on this issue, the line between deciding one of several claims and deciding only part of a single claim is sometimes very obscure, and it is not always easy to tell whether a case involves multiple claims or a single claim supported by multiple grounds. 10 Wright, Miller & Kane, Federal Practice and Procedure (1983), Section 2657, at 60–61. Under the approach favored by the foregoing treatise authors, the ultimate determination of multiplicity of claims must rest in

every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced. *Id.* at 65; *Rieser v. Baltimore & Ohio RR. Co.* (C.A.2 1955), 224 F.2d 198, 199, certiorari denied (1956), 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868. Only one claim is advanced where there is only one basic cause of action and there are no counterclaims or third-party claims. *CMAX, Inc. v. Drewry Photocolor Corp.* (C.A.9 1961), 295 F.2d 695; see, also, *Spiegel v. Trustees of Tufts College* (C.A.1 1988), 843 F.2d 38, 44, at fn. 6.

In the case at bar, unlike a divorce case where attendant issues such as sustenance alimony, division of property, custody, and child support must be considered in the context of the divorce decree, the action herein was initiated by appellee's dependency complaint and concomitant application for temporary placement and custody of the parties' child. Appellee further filed a subsequent motion for temporary and permanent child support. Although typical dependency actions do not involve an issue of child support, the trial court effectively treated appellee's dependency complaint as a URESA action. Accordingly, the issue of child support was the "single claim for relief" of appellee's complaint and subsequent motion. Therefore, even an express determination by the trial court of no just reason for delay pursuant to Civ.R. 54(B) would not have rendered the entry appealed from final and appealable where the subject entry did not decide the child support issue. Cf., *e.g., In re Marriage of Leopando* (Ill.1983), 96 Ill.2d 114, 70 Ill.Dec. 263, 449 N.E.2d 137; *Odom v. Odom* (Tex.App.1984), 683 S.W.2d 135. Moreover, we are persuaded that the entry also failed to satisfy the prerequisites of R.C. 2505.02. See, *e.g., Tismo v. Tismo* (Aug. 28, 1990), Lawrence App. No. 1917, unreported, 1990 WL 127064. The April 29, 1989 entry failed to dispose of appellee's claim for child support with the trial court specifying that it would set such an order at a subsequent date. For the foregoing reasons, we lack jurisdiction and cannot reach the merits of the instant appeal. Consequently, the appeal is dismissed.[1]

*Appeal dismissed.*

STEPHENSON and GREY, JJ., concur.

---

**1.** We would request, parenthetically, the trial court to reconsider its ruling on appellant's motion to dismiss for lack of jurisdiction, noting that the Uniform Child Custody Jurisdiction Act provisions, *i.e.,* R.C. 3109.24 as applicable herein, relate to subject matter jurisdiction and are not subject to waiver by mere submission of a party to the proceedings. Additionally, assuming *arguendo* that the appearance of a party could waive the requirements of R.C. 3109.21 *et seq.,* the record herein manifestly indicates that appellant filed a September 8, 1988 motion to dismiss for lack of jurisdiction wherein he stated that appellant
[Footnote 1 continued on page 330]

entered "his appearance herein for the sole purpose of challenging this court's jurisdiction." Hence, there is no waiver in the case at bar.

Moreover, R.C. 3109.24(C) provides, in pertinent part, as follows:

"If a court is informed during the course of a custody proceeding that a custody proceeding concerning the child was pending in a court of another state before the court assumed jurisdiction, *it shall stay the proceeding and communicate with the court in which the other proceeding is pending for the purpose of litigating the issue in the more appropriate forum and to ensure that information is exchanged in accordance with sections 3109.34 to 3109.36 of the Revised Code.*" (Emphasis added.)

A review of the record indicates that an appeal from the Pennsylvania custody proceeding was pending at the time of appellee's Ohio complaint. See, *e.g., In re Custody of Rector* (Colo.App.1977), 39 Colo.App. 111, 565 P.2d 950, and cf. *Kunkler v. Goodyear Tire & Rubber Co.* (1988), 36 Ohio St.3d 135, 522 N.E.2d 477, as authority for the proposition that a custody proceeding is still pending in another state if an appeal in such proceeding is pending. Accordingly, pursuant to R.C. 3109.24(C), the trial court should stay the proceedings below and communicate with the Pennsylvania court to determine which court is the more appropriate forum.