This is an appeal from a summary judgment entered by the Scioto County Common Pleas Court in favor of Bret Collier, Cheryl Collier and Donald Hammond, defendants below and appellees herein, on a conversion claim brought against them by William Minix and Sandra Minix, plaintiffs below and appellants herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY 1) DENYING PLAINTIFF/APPELLANT'S MOTION FOR SUMMARY JUDGMENT REGARDING APPELLANT'S AGENCY CLAIM; AND 2) GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT REGARDING THE CONVERSION CLAIM WHERE DEFENDANT/APPELLEES NEVER ANSWERED THE AMENDED COMPLAINT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT REQUESTING THAT THE COURT FIND COLLIER AND HAMMOND ACTED AS AGENTS FOR ROGERS AND SUNBELT AND EACH OTHER."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT REGARDING THE CONVERSION CLAIM."
A brief summary of the facts pertinent to this appeal is as follows.[1] Appellant, William Minix, and appellee, Bret Collier, worked together at the Martin Marietta facility in Southern Ohio for approximately seventeen (17) years. They earned roughly the same income from their respective jobs. However, in the early 1990s, Collier's financial position improved considerably. His wife quit her job, they built an expensive new home and the couple bought new trucks "practically every year." Minix was curious as to how his co-worker had come to enjoy a standard of living substantially above that provided by their employment. The two men began talking about their investments and Collier revealed that he was involved in a syndicate which provided short term loans to real estate developers and investors who needed rapid infusions of capital. Collier asked Minix whether he would like to participate in this syndicate as well. When Minix raised some concerns about the security of any investment he might make, Collier assured him that his money would be safe. He related that the investment would be sent to his "uncle Don" (appellant Donald Hammond, a local minister) who would then transfer the money to Sunbelt Development Corporation (hereinafter referred to as "Sunbelt"), a Louisiana based company established by Wendell Rogers.
Minix and his wife relied on the reputations of Collier and Hammond as good "Christian" people and made an initial investment of $30,000. They were told that this investment would yield a twelve percent (12%) return within thirty (30) days. However, at the end of that period, their money was not returned to them. Collier told them that they would get their money back in approximately two (2) weeks or, in the alternative, they could reinvest the money owed to them and receive another ten percent (10%) within an additional thirty (30) day period. The Minixes agreed to reinvest the money and even sent an additional $40,000 thereby bringing their total investment of capital and interest to $73,600.
It came to light during this second investment period that Sunbelt and Rogers were involved in various deceptive business practices. After the thirty (30) day period expired, Sandra Minix called Hammond to inquire about the money she and her husband had invested. Hammond informed her that, although he had documentation of the couple's investment, he was unable to locate Rogers in Louisiana. The Minixes never received the interest promised them or the return of the $70,000 they had invested.
Appellants commenced the action below on December 2, 1994, asserting claims of fraud and conversion against Collier, his wife Cheryl, Hammond, Rogers and Sunbelt. It was alleged that Collier acted as an agent of Hammond and/or Sunbelt and Rogers and that Hammond was the principal recruiter in Southern Ohio for Sunbelt. Collier and Hammond both generally denied the allegations and filed motions for summary judgment arguing that appellants could not prove one or more elements of fraud. The trial court granted both of their motions and dismissed not only the fraud claim but the conversion claim as well. This Court affirmed that judgment insofar as the fraud claim was concerned but reversed with respect to the conversion claim because appellees had never addressed their motion to that aspect of the complaint. See Minix v. Collier (Mar. 31, 1998), Scioto App. No. 97CA2523, unreported (hereinafter referred to as "Minix I"). The case was then remanded for further proceedings on the conversion claim. Id.
On remand, both Collier(s) and Hammond moved for summary judgment on appellants' conversion claim. Their arguments essentially were that the Minixes had given the $70,000 of initial capital investment to Collier with the intention that it would be transferred to Hammond who would, in turn, invest the money in Sunbelt. Appellees cited deposition testimony given by both Sandra and William Minix that this was their intent and was, to the best of their knowledge, exactly what happened. Neither of the Minixes could offer any proof that their monies were retained by either Collier or Hammond or were otherwise disposed of except as an investment in Sunbelt as they had directed. Further, Hammond submitted an affidavit in support of his own motion wherein he attested that "all monies he received for further transfer to Sunbelt were transferred by him to said Sunbelt in accordance with the directions of the owners of said monies."
Appellants filed opposing memoranda as well as their own motion for summary judgment. However, rather than addressing the conversion issue straight on, their arguments were directed at establishing agency relationships between Collier, Hammond, Rogers and Sunbelt. Indeed, the gravamen of their argument was that "[t]he issues in the case are whether or not Collier and Hammond acted as agents for Rogers and Sunbelt and each other." The closest appellants came to actually addressing the conversion claim was an assertion that some of the money they had invested was deposited into Cheryl Collier's own account.
On October 23, 1998, the trial court entered judgment sustaining the motions filed by appellees. The court determined that neither Collier nor Hammond had committed an "actionable wrong" against the Minixes insofar as a claim for conversion. The motion for summary judgment filed by the Minixes was then, consequently, overruled. This appeal followed.
Before turning to the merits of those errors assigned for our review, we must first address a threshold jurisdictional problem. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. See Section 3(B)(2), Article IV of the Ohio Constitution; also see R.C. 2501.02. A final order is one whichinter alia affects a substantial right and in effect determines the action. R.C. 2505.02 (B)(1). Further, whenever there is a multiplicity of parties or claims, the provisions of Civ.R. 54 (B) must also be factored into consideration of whether a judgment is final and appealable. In re Berman (1990), 69 Ohio App.3d 324,328, 590 N.E.2d 809, 811. This rule provides that a court may enter final judgment as to one or more but fewer than all claims only upon "an express determination that there is no just reason for delay." Civ. R. 54 (B). Where applicable, judgments must satisfy both Civ.R. 54(B) and R.C. 2505.02 in order to be considered final and appealable. See Hitchings v.Weese (1997), 77 Ohio St.3d 390, 391, 674 N.E.2d 688; State exrel. Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82,85, 661 N.E.2d 728, 731; Chef Italiano Corp. v. Kent StateUniversity (1989), 44 Ohio St.3d 86, 541 N.E.2d 64 at the syllabus. We conclude, for the following reasons, that the judgment appealed herein fails to satisfy Civ.R. 54(B) and is not a final order.
Appellants asserted claims against Rogers and Sunbelt in both their original and amended complaints. Neither of these defendants ever filed a responsive pleading to the allegations against them and, thus, appellants moved for default judgment pursuant to Civ. R. 55 (A). An order was filed on June 17, 1996, granting the motion and directing appellants "to submit an appropriate judgment entry" for the trial court's "approval." No such entry was ever filed of record.
Obviously, in the absence of a dispositive judgment entry, the claims against Rogers and Sunbelt are still technically pending. We would also point out that the June 17, 1996 order cannot, in and of itself, be considered a final judgment. A judgment customarily sets forth the rights of the parties to the lawsuit. See Whiteside, Ohio Appellate Practice (1999 Ed.) 40, § T 2.3. The trial court's order of June 17, 1996 makes no award of damages to appellants and, therefore, is not determinative of their rights. Furthermore, a document such as this one which calls for the preparation of a journal entry consistent with the court's reasoning has never been considered an appealable order. See Millies v. Millies (1976), 47 Ohio St.2d 43,45; 350 N.E.2d 675, 677; also see Prod. Credit Assn.V. Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360,1362 at fn. 2; In re Grand Jury (May 31, 1995), Washington App. Nos. 93CA09, 93CA10 93CA12, unreported. It logically follows that the June 17, 1996 order did not resolve the claims against Rogers and Sunbelt and that those claims are still pending.
That being said, the October 23, 1998 summary judgment on the conversion claim(s) could only be considered final and appealable if the court expressly found "no just reason for delay" pursuant to Civ.R. 54(B). The trial court made no such finding and, therefore, its judgment is not a final order. We are without jurisdiction to review this matter and it must be dismissed. See Prod. Credit Assn., supra at 210,621 N.E.2d at 1362, fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, 617 N.E.2d 701, 702. Once an appropriate judgment is entered on the claims against Rogers and Sunbelt, the matter may be refiled using the same briefs as were used herein.[2]
 APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that each party bear its own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: ___________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Additional background information on this matter can be found in our previous decision in this case, Minix v. Collier (Mar. 31, 1998), Scioto App. No. 97CA2523, unreported, as well as our decision in the related case of Spradlin v. Collier (Mar. 31, 1999), Scioto App. No. 97CA2521, unreported.
[2] It is worth noting that this problem did not arise in Minix I
because the May 29, 1997 summary judgment appealed therein contained the requisite Civ.R. 54 (B) language.