This is an appeal from a judgment entered by the Ross County Common Pleas Court, upon a jury verdict, in favor of Richard W. Coppel, d/b/a Coppel Construction, defendant below and appellee herein, on claims involved in an action brought by Jill Byers and William Byers, plaintiffs below and appellants herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE JURY VERDICT AND THE INTERROGATORY ANSWERS THAT INDICATED THAT THE DEFENDANT DID NOT BREACH THE CONTRACT AND THAT THE DEFENDANT DID NOT SUBSTITUTE MATERIALS OTHER THAN THOSE PROVIDED FOR IN THE PARTIES AGREEMENT DURING HIS CONSTRUCTION OF THE RESIDENCE ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 "THE JURY VERDICT AND THE JURY'S ANSWERS TO INTERROGATORIES ARE CONTRARY TO LAW."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN HOLDING THAT THE TRANSACTION UNDERLYING THIS LAWSUIT WAS NOT SUBJECT TO THE OHIO CONSUMER SALES PRACTICES ACT."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO CHARGE THE JURY THAT THE TRANSACTION WAS SUBJECT TO THE OHIO CONSUMER SALES PRACTICES ACT."
Given our ultimate disposition of this case, we set out only an abbreviated recitation of the facts pertinent to the cause subjudice. On October 27, 1993, the parties entered into a building contract whereby appellee agreed to construct a residential home for appellants on property they owned in Chillicothe, Ohio. The terms of this contract called for, among other things, the home to be constructed pursuant to plans and specifications obtained from appellants' architect and for appellee to be paid the sum of $151,100 in consideration thereof.
Appellants commenced the action below on October 15, 1996, alleging that appellee breached the building contract because their home was not completed in accordance with the plans and specifications of their architect. They further averred that appellee violated the Consumer Sales Practices Act (hereinafter referred to as the "CSPA") by substituting "inferior materials" during construction. Appellants asked for compensatory damages in excess of $16,000 together with treble damages and reasonable attorney fees.
Appellee filed an answer denying any breach of contract. He also counterclaimed alleging that there had been numerous "change orders" and "modifications" to the building contract subsequent to its original execution and that he had "substantially performed" all of his obligations under the contract as modified. Appellee claimed that there was still due and owing to him the sum of $6,355.06 and he asked for compensatory damages in that amount.
The matter proceeded to a jury trial on February 22, 1999. After several days of testimony, the trial court granted a directed verdict on the CSPA claim. The trial court judge submitted the remaining claims to the jury which subsequently returned verdicts in favor of appellee on his counterclaim and against appellants on their breach of contract claim. Judgment was then entered on these verdicts awarding compensatory damages to appellee in the amount of $6,355.06. This appeal followed.
Initially, we must first address a threshold jurisdictional problem. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. The sine qua non to this grant of jurisdiction is that the judgment being appealed is a final appealable order.Thompson v. Sydnor (May 11, 1999), Scioto App. No. 98CA2578, unreported. A final appealable order is one which inter alia effects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1)(2). Furthermore, whenever there are multiple claims at issue in an action, the provisions of Civ.R. 54(B) must also be considered.See In re Berman (1990), 69 Ohio App.3d 324, 328,590 N.E.2d 809, 811. The provisions of Civ.R. 54(B) state that a trial court may enter final judgment as to "one or more but fewer than all of the claims . . . only upon an express determinationthat there is no just reason for delay." (Emphasis added.) Where applicable, the requirements of this rule must be met in order for a judgment to be deemed final and appealable. See State ex rel.Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82,85, 661 N.E.2d 728, 731; Chef Italiano Corp. v. KentState University (1989), 44 Ohio St.3d 86,541 N.E.2d 64, at the syllabus; also see Hitchings v.Weese (1997), 77 Ohio St.3d 390, 391,674 N.E.2d 688, 689 (Resnick J. Concurring). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362, at fn. 2; Kouns v. Pemberton
(1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701,702.
The March 19, 1999 judgment being appealed herein addresses only the jury verdicts rendered in favor of appellee on the contractual claim and counterclaim below. It does not address the trial court's disposition of the CSPA claim by directed verdict.[1] The Ohio Rules of Civil Procedure require that once a decision has been announced, the trial court must prepare a written judgment, sign and journalize the judgment before it will become effective. See Civ.R. 58(A); also see In re Mitchell
(1994), 93 Ohio App.3d 153, 154.[2] In the absence of any judgment entry journalizing the trial court's decision to grant a directed verdict on the CSPA claim, that claim is still technically pending and brings into operation the provisions of Civ.R. 54(B). The trial court never made any express finding in the March 19, 1999 judgment that there was "no just reason for delay." Thus, the judgment is neither final nor appealable. The cause sub judice is hereby dismissed.
A new appeal may be brought once the directed verdict is journalized or the trial court makes a finding of "no just reason for delay" pursuant to Civ.R. 54(B).
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
For the Court
 BY: _________________________ Peter B. Abele, Judge
[1] We acknowledge that the March 19, 1999 judgment provides for appellants' complaint to be dismissed with prejudice. It is arguable that, by ordering dismissal of the complaint in its entirety, the trial court was at least impliedly making reference to the previous directed verdict and was thus resolving all claims in this case. We reject that argument, however, because the use of the term "dismissal" in this context was a non-sequitur. Dismissal is the termination of a claim for relief any time after commencement of an action and before its termination. 5 Anderson, Ohio Civil Practice (1994) 113, § 168.01. A "determination" of an action signifies resolution of the issues and thus "dismissal" is foreclosed once a jury verdict is rendered. Id. That being said, the trial court was obviously not "dismissing" the complaint but only entering judgment on the jury verdicts that had been rendered.
[2] It is worth noting at this juncture that, while the transcript contains a colloquy between the court and counsel indicating that a directed verdict was granted, that exchange is insufficient to support an appeal in this case. It is well settled law a trial court speaks only through its journal entries and not by oral pronouncement. See Gaskins v. Shiplevy (1996),76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196; State v. King (1994),70 Ohio St.3d 158, 162, 637 N.E.2d 903, 906; Schenley v. Kauth
(1953), 160 Ohio St. 109, 113 N.E.2d 625, at paragraph two of the syllabus. Thus, where no judgment entry journalizing a court's verbal decision at trial has been filed, an appellate court has no jurisdiction to consider the matter. See generally White v.Vrable (Sep. 30, 1999), Franklin App. No. 98AP-1351, unreported;Wiltberger v. Davis (Jun. 30, 1994), Franklin App. No. 93AP-1031, unreported.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.