DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of William and Debra Esham, defendants below and appellees herein, on the claims brought against them by Anna E. Penn, plaintiff below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED GRANTING SUMMARY JUDGMENT IN FAVOR DEFENDANTS-APPELLEES AND DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT WHERE THERE REMAINED GENUINE *Page 2 
ISSUES OF MATERIAL FACT AND REASONABLE MINDS COULD COME TO MORE THAN ONE CONCLUSION CONCERNING THOSE FACTS."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT AS A MATTER OF LAW AN OWNER OF LANDLOCKED REAL ESTATE WOULD NOT UNDER ANY CIRCUMSTANCES ABANDON A RIGHT OF WAY."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT THE LOCATION OF THE RIGHT OF WAY IS A NOW EXISTING ROADWAY THAT BEGINS ON TICK RIDGE-KOENIG HILL ROAD AND ENERS THE PLAINTIFF'S PROPERTY BESIDE HER RESIDENCE."
 FOURTH ASSIGNMENT OF ERROR:
 i. "THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT WHEN HER CAUSE OF ACTION FOR ADVERSE POSSESSION WAS NOT AN ISSUE RAISED ON SUMMARY JUDGMENT."
 FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING THAT AS A MATTER OF LAW THE DEFENDANT[S]-APPELLEE[S] POSSESS A VALID AND EXPRESSED [sic] RECORDED EASEMENT ACROSS THE PLAINTIFF-APPELLANT'S PROPERTY."
 {¶ 3} This parties are contiguous property owners. Appellant owns a parcel with Tick Ridge Koenig Hill Road frontage. Appellees own land with no public road frontage, but claim to have an easement through appellant's property to that road.[1] *Page 3 
 {¶ 4} On June 27, 2005, appellant filed the instant action and alleged, inter alia, that (1) appellees did not acquire an express easement over her property; and (2) in the alternative, even if an express easement did exist in appellees' chain of title, that easement had been abandoned. Appellant's amended complaint also averred that she had re-acquired title to any easement over her property through adverse possession. Thus, appellant requested that title to the purported right-of-way be quieted in her favor.
 {¶ 5} Appellees denied liability on the complaint and counterclaimed that an express easement has been part of their chain of title since 1912. Alternatively, appellees claimed an easement by prescription. Appellees also alleged that appellant erected a gate across the right-of-way and blocked that access to the easement. Appellees requested judgment to quiet title to the easement and damages for the trespass to their interests in the servient estate.
 {¶ 6} Subsequently, both parties requested summary judgment and, on July 6, 2007, the trial court ruled in favor of appellees. The court agreed that in 1912 appellant's predecessors-in-title granted to appellees' predecessors-in-title an express easement over the servient estate. Further, the court rejected appellant's claims that the easement was abandoned because no property owner would deliberately landlock their property. Thus, the court ruled that appellees have a valid easement across appellant's property and dismissed her complaint. Although the court did not issue a judgment on appellees' counterclaim for trespass, the court did make a Civ.R. 54(B) finding of "no just reason for delay." This appeal followed.
 {¶ 7} Before we address the assignments of error on their merits, we must first *Page 4 
resolve a threshold jurisdictional problem. Ohio courts of appeals have appellate jurisdiction over final orders. Section 3(B)(2), Article IV, Ohio Constitution. A final order is one that, inter alia, affects a substantial right and, in effect, determines the action. R.C.2505.02(B)(1).
 {¶ 8} When multiple claims are involved, Civ.R. 54(B) also factors into the determination of whether a judgment is final. See In reBerman (1990), 69 Ohio App.3d 324, 328, 590 N.E.2d 809; Gallucci v.Freshour (Jun. 22, 2000), Hocking App. No. 99CA22. Civ.R. 54(B) allows a trial court to enter final judgment as to one or more, but fewer than all, claims in a multi-claim action upon an express determination of "no just reason for delay." If, however, a judgment does not meet the requirements of R.C. 2505.02 and where applicable Civ.R. 54(B), a reviewing court does not have jurisdiction and the appeal must be dismissed. Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360 at fn. 2; Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, 617 N.E.2d 701.
 {¶ 9} In the case sub judice, our review of the record reveals that the trespass claim asserted in appellees' counterclaim has not been resolved and, thus, remained pending. Although we recognize that the trial court made a Civ.R. 54(B) finding of "no just reason for delay," the inclusion of these words does not render appealable an otherwise non-appealable order. See McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236; Palmer v. Westmeyer (1988),48 Ohio App.3d 296, 302, 549 N.E.2d 1202; Douthitt v. Garrison (1981),3 Ohio App.3d 254, 255, 444 N.E.2d 1068.
 {¶ 10} As we noted above, Civ.R. 54(B) applies to multiple "claims." In Evans v. *Page 5 Rock Hill Local S.D. Bd. Of Edn., Lawrence App. No. 04CA39,2005-Ohio-5318, at ¶ 19, we applied the following definition of a "claim" for purposes of Civ.R. 54(B):
 "The Ohio Supreme Court gave a more precise definition in 1981 stating that a claim for relief, for purposes of [Civ.R. 54(B)], was synonymous with a `cause of action.' A `cause of action' is that set of facts which establish or give rise to a `right of action,' the existence of which affords a party the right to judicial relief. `Cause of action' is to be distinguished from the `action' itself, which is a judicial proceeding brought in a court of law to vindicate the cause of action. These distinctions are critically important because an action (whether in the form of a complaint, cross-complaint or counter-complaint) may contain numerous `counts,' `theories,' or `demands' for relief but still encompass only a single `cause of action' or `claim for relief.' For instance, where a person suffers personal injury and property damage as the result of a wrongful act, there is only a single `cause of action' even though the complaint asserts counts in battery and trespass. Summary judgment rendered on one of those counts, while the other count remains pending, would not be final and appealable even with a finding of `no just reason for delay'." (Citations omitted.)
 {¶ 11} Similarly, in the case sub judice although appellees assert different "counts" in their counterclaim, they present only a single claim for purposes of Civ.R. 54(B). Thus, the inclusion of "no just reason for delay" language in the summary judgment is of no effect and renders the judgment neither final nor appealable.
 {¶ 12} We also note that even if the various counts in appellees' counterclaim were treated as different "claims" for purposes of Civ.R. 54(B), we would nevertheless reach the same result and dismiss this appeal. In Wisintainer v. Elcen Power Strut, Co. (1993),67 Ohio St.3d 352, 617 N.E.2d 1136, the Ohio Supreme Court recognized the implicit authority of an appellate court to strike a Civ.R. 54(B) certification. The Court ruled that a Civ.R. 54(B) finding is, in essence, a factual determination on whether an interlocutory appeal is consistent with interests of justice. Id. at paragraph one of the syllabus. The Ohio Supreme Court further stated that trial courts enjoy the same *Page 6 
presumption of correctness with regard to this finding that they enjoy with any other factual findings and that such a finding "must stand" if the record indicates the interests of sound judicial administration will be served by a finding of "no just reason for delay." Id. at 355 and at paragraph two of the syllabus.
 {¶ 13} We recognize that Wisintainer sets forth a deferential standard and we are generally reluctant to strike a Civ.R. 54(B) certification. See Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25,2004-Ohio-6824, at ¶¶ 11; Bell Drilling Producing Co., v. KilbargerConstruction, Inc. (Jun. 26, 1997), Hocking App. No. 96CA23. However, when a Civ.R. 54(B) certification does not serve the interests of judicial economy, we will strike it. See e.g. Oakley, supra at ¶¶ 11-13;Portco, Inc. v. Eye Specialists, Inc., Scioto App. No. 06CA3127,2007-Ohio-4403, at ¶¶ 10-11.
 {¶ 14} In the case sub judice, we do not believe that judicial economy will be served by considering this case twice on appeal — first, on the easement issue and, second, on the trespass and damages issue. This is particularly true in light of the fact that both issues must be resolved at the trial court level before the matter is appealed. The appellate court may then resolve both issues at once, rather than considering them in separate, piecemeal appeals.
 {¶ 15} For these reasons, we find that no final, appealable order was issued in this case and we lack jurisdiction to consider the matter. Accordingly, we hereby dismiss this appeal.[2] *Page 7 
i. APPEAL DISMISSED.
[1] These facts come from the appellate briefs. The only maps in the record are tax or topographical maps that provide little information regarding the location of the properties, the roadway or the claimed easement.
[2] Appellant's fourth assignment of error asserts that the trial court did not address the issue of whether the easement was reacquired through adverse possession. Arguably, if this issue were still pending, it, too, would render the judgment neither final nor appealable. However, because the trial court did not expressly rule on the adverse possession issue, we believe that its finding that appellees have "a valid and enforceable easement" over the servient estate is an implicit rejection of that argument, thus rendering the fourth "cause of action" in appellant's amended complaint moot. See General Accident Ins. Co. v.Insurance Co. of America (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266;Wise v. Gursky (1981), 66 Ohio St.2d 241, 421 N.E.2d 150, at the syllabus.