PENN, Appellant,

v.

ESHAM, Appellees.

[Cite as *Penn v. Esham*, 177 Ohio App.3d 201, 2008-Ohio-3695.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 08CA3219.

Decided July 18, 2008.

Jessica A. Little, for appellant.

Stanley C. Bender, for appellees.

---

ABELE, Presiding Judge.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of William and Debra Esham, defendants below and appellees herein, on the claims brought against them by Anna E. Penn, plaintiff below and appellant herein.

{¶ 2} Appellant assigns the following errors for review:

First Assignment of Error:

The trial court erred granting summary judgment in favor defendants-appellees and dismissing plaintiff-appellant's complaint where there remained genuine issues of material fact and reasonable minds could come to more than one conclusion concerning those facts.

Second Assignment of Error:

The trial court erred in finding that as a matter of law an owner of landlocked real estate would not under any circumstances abandon a right of way.

Third Assignment of Error:

The trial court erred in finding that the location of the right of way is a now existing roadway that begins on Tick Ridge—Koenig Hill Road and enters the plaintiff's property beside her residence.

Fourth Assignment of Error:

The trial court erred in dismissing plaintiff-appellant's complaint when her cause of action for adverse possession was not an issue raised on summary judgment.

Fifth Assignment of Error:

The trial court erred in finding that as a matter of law the defendant[s]-appellee[s] possess a valid and expressed [*sic*] recorded easement across the plaintiff-appellant's property.

{¶ 3} The parties are contiguous property owners in Bush Creek Township of Scioto County. Appellant owns a parcel with frontage on Tick Ridge–Koenig Hill Road. Appellees own land that has no frontage on a public road, but claims to have an easement through appellant's property to that road.[1]

{¶ 4} Appellant filed the instant action and alleged that appellees did not acquire an express easement over her property and, even if such an express easement did exist in their chain of title, that easement had been abandoned. She later filed an amended complaint and averred that she had reacquired through adverse possession title to the easement over her property. Appellant asked that title to the alleged right of way be quieted in her favor.

{¶ 5} Appellees (1) denied any liability on her complaint, (2) counterclaimed and alleged that an express easement over appellant's property had been part of their chain of title since 1912, (3) in the alternative, claimed an easement by prescription over appellant's land, and (4) alleged that appellant had erected a gate across the right of way and thereby blocked access to the easement. Appellees requested judgment quieting title to the easement in their favor and for damages for the trespass to their interests in the servient estate.

{¶ 6} Both sides requested summary judgment, and on July 6, 2007, the trial court ruled in favor of the appellees. The court agreed that in 1912, appellant's predecessors in title granted to appellees' predecessors in title an express easement over the servient estate. Further, the court rejected appellant's claims that the easement had been abandoned because, the court reasoned, no property owner would purposely and deliberately landlock their property. The trial court thus concluded that appellees have a valid easement across appellant's property and dismissed appellant's complaint. No judgment was entered on appellees' counterclaim for trespass, but the court did make a Civ.R. 54(B) finding of "no just reason for delay." Although a notice of appeal was filed from that judgment, we dismissed the appeal for lack of a final order. See *Penn v. Esham*, Scioto App. No. 07CA3170, 2008-Ohio-434, 2008 WL 314849. The matter is now before us for a review on the merits.

I

{¶ 7} Before we address the merits of the appeal, we pause to outline our standard of review. Appellate courts review summary judgments de novo.

---

1. These facts come from the appellate briefs. The only maps in the record are tax or topographical maps that provide little information regarding the location of the properties, the roadway, or the claimed easement.

*Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327. In other words, appellate courts afford no deference to trial court decisions, *Hicks v. Leffler* (1997), 119 Ohio App.3d 424, 427, 695 N.E.2d 777; *Dillon v. Med. Ctr. Hosp.* (1993), 98 Ohio App.3d 510, 514–515, 648 N.E.2d 1375, and conduct an independent review to determine whether summary judgment is appropriate. *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233–234, 695 N.E.2d 18; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279.

{¶ 8} Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the nonmovant, reasonable minds can come to one conclusion and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201; *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. The moving party bears the initial burden to show that no genuine issue of material facts exist and that he is entitled to judgment as a matter of law. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If that burden is satisfied, the onus shifts to the nonmoving party to provide rebuttal evidentiary materials. See *Trout v. Parker* (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; *Campco Distribs., Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661. With these principles in mind, we turn our attention to the case at bar.

## II

{¶ 9} We jointly consider appellant's first, second, third, and fifth assignments of error because they are interrelated. Appellant argues that the trial court erred in determining (1) that no genuine issues of material fact exist and that appellees have a valid easement across her property and (2) that an existing roadway across her property is the location of that easement. We disagree with appellant.

{¶ 10} Appellees' summary judgment motion included several deeds from the parties' chains of title. One deed purports to convey an easement over another property. Although the location of both the servient and the dominant estate are somewhat difficult to discern from these deeds, not to mention the absence of survey maps, an affidavit from Walter Applegate attested that he examined the chains of title for each property and determined that appellees are the current owners of the dominant estate and appellant is the owner of the servient estate. This was sufficient to carry appellees' initial burden on summary judgment.

{¶ 11} The burden of rebuttal then shifted to appellant. Appellant's rebuttal evidence consists of appellant's own affidavit that states that her deceased mother-in-law once told her that the claimed easement was "further away 'over the hill.'" Civ.R. 56(E) states that affidavits opposing summary judgment must be based on "personal knowledge." Here, this affidavit was apparently based on appellant's mother-in-law's knowledge, not appellant's personal knowledge. Appellant, therefore, did not carry her burden of rebuttal and the trial court correctly entered judgment in appellees' favor.

{¶ 12} Appellant offers several additional arguments in her brief, but we find none persuasive. First, she contends that the deed that conveyed the easement to appellees' predecessors in title fails to set out the marital status of the grantors. Thus, appellant argues, that marital status remains a genuine issue of material fact. We disagree. A failure to set forth the marital status of a grantor in a deed does not render the deed invalid. Moreover, even if it did, appellant is challenging the validity of the conveyance, not appellees, and appellant has the burden to show marital status. Even if the grantors of the 1912 easement were married, and their wives failed to sign those instruments, this may indicate that the deed failed to convey all interests in the property. To the extent that a dower interest remained, as appellant argues in her brief, that interest is "an estate for life" and would have terminated with the death of the grantors' wives. See R.C. 2103.02. Appellant has not shown that the grantors' wives, if they did indeed exist, are currently living.

{¶ 13} Appellant also argues that a genuine issue of material fact exists as to whether appellees' predecessors in title abandoned the easement. Again, we are not persuaded. To show that the owner of a dominant estate has abandoned an easement, the owner of the servient estate must establish (1) nonuse of the easement and (2) an intent to abandon the easement. See *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, L.L.C.* (2000), 138 Ohio App.3d 57, 72, 740 N.E.2d 328; *Snyder v. Monroe Twp. Trustees* (1996), 110 Ohio App.3d 443, 457, 674 N.E.2d 741. Intent to abandon an easement must be established by unequivocal and decisive acts inconsistent with the continued use and enjoyment of the easement. *Bauerbach v. LWR Ents., Inc.*, 169 Ohio App.3d 20, 861 N.E.2d 864, 2006-Ohio-4991, at ¶ 19; *Crane Hollow Inc.* at 72, 740 N.E.2d 328. Mere nonuse of an easement is generally insufficient to establish abandonment. Id.; *Snyder*, supra, at 457, 674 N.E.2d 741.

{¶ 14} Appellees' reply memorandum states, "There is simply no evidence that [their] predecessors ever intended to abandon the easement." Admittedly, no Civ.R. 56(C) evidentiary material substantiates that claim. However, the Ohio Supreme Court recently held that none are necessary insofar as rebutting a nonmoving party's affirmative defenses. *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio

St.3d 461, 880 N.E.2d 88, 2008-Ohio-87, at the syllabus. Thus, the onus was on appellant to come forward with some evidence to show an unequivocal and decisive act on the part of appellees' predecessors in title to abandon the easement. She did not. Thus, the trial court correctly entered judgment against appellant on this issue.

{¶ 15} Finally, appellant contends that the easement's precise location remains a genuine issue of material fact. We readily acknowledge that the failure to include surveyor's maps in the record makes this issue somewhat more difficult to resolve, but, in the end, we conclude that the trial court correctly ruled on this issue as well. A 1915 "Geological Map" indicates what appears to be a road to the property. Moreover, appellees cite deposition testimony of Bob Graf, who owned the property in the 1960s, and testified that Graf used an established roadway for access when he owned the property.

{¶ 16} Because appellant has offered nothing by way of rebuttal, we believe this evidence, as sparse as it is, is sufficient to carry their burden to show the easement's location. Our conclusion is further buttressed by appellant's own affidavit. As stated, appellant's property has frontage on Tick Ridge—Koenig Hill Road—the road to which appellees need access. Appellant attests in her affidavit that appellees are claiming a "private roadway" behind her residence. Appellant offers no explanation as to where this private roadway goes, or why it is appurtenant to her property if she already has access to the Tick Ridge—Koenig Hill Road. The only conclusion to be drawn is that this road is the right of way for the otherwise landlocked parcel situated behind her.

{¶ 17} For these reasons, we find no error in the trial court's determination that no genuine issues of material fact exist, and appellees are entitled to judgment in their favor as a matter of law on these issues.

{¶ 18} Accordingly, we hereby overrule appellant's first, second, third, and fifth assignments of error.

### III

{¶ 19} In her fourth assignment of error, appellant contends that the trial court erred by entering judgment against her on all issues in the case. Specifically, she points to the "fourth cause of action" in her second amended complaint, wherein she averred that she had extinguished appellees' easement through adverse possession. Appellant maintains that their particular "cause of action" was not before the court as part of the motion for summary judgment and, therefore, that the trial court erred in entering summary judgment against her on all counts. We disagree.

{¶ 20} Appellees' motion for summary judgment asked the trial court to determine that they had a "valid" easement. Obviously, appellees could not have a valid easement if that easement had been extinguished by prescription. Thus, the summary judgment motion implicated the question of adverse possession. Appellant offered no evidence on this issue, and the trial court correctly disregarded the issue. We find no merit to the fourth assignment of error, and it is hereby overruled.[2]

{¶ 21} Having found no merit in the errors appellant assigned and argued in the brief, we hereby affirm the trial court's judgment.

Judgment affirmed.

HARSHA, J., concurs.

KLINE, J., concurs in judgment only and opinion as to Assignment of Error IV and concurs in judgment only as to Assignments of Error I, II, III, and V.

---

2. We assume, for sake of our analysis, that adverse possession can, in fact, extinguish an express easement. Appellees argue in their brief that it cannot, but we have found nothing in our research one way or the other. Although it is intuitively logical that adverse possession could extinguish an express easement, as it can extinguish any other interest in property, the only case law we have found on the subject deals with adverse possession extinguishing an easement by prescription. See e.g. *J.F. Gioia, Inc. v. Cardinal Am. Corp.* (1985), 23 Ohio App.3d 33, 40, 491 N.E.2d 325. Fortunately, however, we need not address this issue because, as we note above, the issue of adverse possession was raised in the course of the summary judgment motion.