[Cite as *Pepin v. Hansing*, 2012-Ohio-6295.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


JEFF PEPIN, et al.,

                                              :

    Plaintiffs-Appellees,                  Case No.   11CA3416

                                              :

    vs.

                                              :

JERALD HANSING, M.D., et. al.,


DECISION AND JUDGMENT ENTRY      :
    Defendants-Appellants.

_____

APPEARANCES:

| | |
|---|---|
| COUNSEL FOR APPELLANT, JERALD D. HANSING, M.D.: | Michael L. Close and Dale D. Cook, Wiles, Boyle, Burkholder & Bringardner Co. L.P.A., 300 Spruce Street, Floor One, Columbus, Ohio, 43215-1173 |
| COUNSEL FOR APPELLEES: | David B. Beck, Harcha, Book & Beck, L.L.C., 800 Gallia Street, Ste. 800, Portsmouth, Ohio 45662 |

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURALIZED: 12-20-12
ABELE, P.J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment in favor of Jeff Pepin and Hanny Barsoum (plaintiffs below and appellees herein), on their claims against, inter alia, Jerald Hansing, M.D. (defendant below and appellant herein). Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN OVERRULING DR. HANSING'S MOTION FOR JNOV ON THE FRAUD CLAIM

AS PLAINTIFFS DID NOT PRESENT SUFFICIENT EVIDENCE
OF THE ELEMENTS OF FRAUD."


SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S ERRED IN OVERRULING DR.
HANSING'S MOTION FOR JNOV ON THE CONVERSION
CLAIM AS THERE IS NO EVIDENCE THAT DR. HANSING
CONTROLLED THE FUNDS CONVERTED."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
OVERRULING DR. HANSING'S MOTION FOR NEW TRIAL
AND REMITTITUR AS THE DAMAGES WERE EXCESSIVE
AND CONTRARY TO LAW."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
OVERRULING DR. HANSING'S MOTION FOR NEW TRIAL
AS THE JUDGMENTS AGAINST HIM PERSONALLY WERE
AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 2}   In 1996, appellant, Peter Geissler and Melvin Mpambara founded the Kigezi

International School of Medicine (Kigezi). Although Kigezi was a non-profit organization

established in the nation of Uganda, most of the academic and clinical education took place in

Great Britain.   American medical students accounted for approximately ninety percent (90%) of

the student body.   Between 2000 and 2004, appellant served as Kigezi's managing director.   In

2004, appellant resigned his position.   Kighezi ceased to be a viable entity during the 2004-2005

academic year.

{¶ 3}   Appellees were medical students at Kigezi, but were unable to complete their

studies when the school closed.   They commenced the instant action on January 23, 2009 and

asserted claims in fraud, breach of contract, conversion and negligence against a number of defendants. Appellant Hansing, apparently the only defendant to enter an appearance in these proceedings, denied liability on the claims asserted against him.

{¶ 4} The matter came on for trial over several days in November 2011. Appellee Pepin testified that none of his Kigezi credits would transfer to another school, that he was forced to start medical school anew at St. George's Medical School in Granada and that he incurred approximately $500,000 in education debt (attending both schools).

{¶ 5} Although Appellee Barsoum did not appear at trial, the jury watched his videotaped deposition. A transcript of that deposition reveals that he enrolled at Kigezi in 2001 and remained a student until 2004. Unlike Pepin, Barsoum did not transfer to another medical school and apparently is not a physician. Nevertheless, Barsoum sought $260,000 for the reimbursement of medical school loans.

{¶ 6} Dr. Hansing testified that, although he was associated with the school as early as 1996, he was not directly involved with its operations until 2000, and that he resigned from the board of directors in 2004. Dr. Hansing also testified that he invested a considerable sum of his own money into the medical school to keep it afloat and operational before it closed in 2004.

{¶ 7} After hearing the evidence adduced at trial, the jury found for the appellees on their fraud and conversion claims. They found that Dr. Hansing owed Barsoum more than $227,143 in damages for fraud and conversion, and that he owed Pepin $226,944 on the same theories of recovery. The jury also answered interrogatories and found in favor of the appellant on claims of negligence, breach of contract and embezzlement. Appellant subsequently, filed a motion for a new trial and judgment notwithstanding the verdict (JNOV), but the trial court

overruled both requests.   This appeal followed.

{¶ 8}   At this juncture, we must first resolve a threshold jurisdictional issue.   Ohio appellate courts have jurisdiction to review the final orders of inferior courts.   Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. The *sine qua non* to this grant of jurisdiction is that the judgment being appealed is a final appealable order. See *Thompson v. Sydnor*, 4th Dist. No. 98CA2578, 1999 WL 317467 (May 11, 1999). A final appealable order is one that, inter alia, affects a "substantial right" and determines the action. R.C. 2505.02(B)(1).

{¶ 9}   Furthermore, when multiple claims are at issue in an action, the Civ.R. 54(B) provisions must be considered.   *In re Berman*, 69 Ohio App.3d 324, 328, 590 N.E.2d 809, (4th Dist, 1990). The provisions of Civ.R. 54(B) state that a court may enter final judgment as to "one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay." (Emphasis added.) Where applicable, the requirements of this rule must be satisfied in order for a judgment to be deemed final and appealable. See *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 85, 661 N.E.2d 728 (1996); *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 541 N.E.2d 64, at the syllabus (1989); also see *Hitchings v. Weese*, 77 Ohio St.3d 390, 391, 674 N.E.2d 688 (Resnick J. Concurring) (1997).   If a court's judgment is neither final nor appealable, an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. See *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d. 207, 210, 621 N.E.2d 1360, 1362, at fn. 2 (4TH Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702 (4th Dist. 1992).

{¶ 10}  In the case sub judice, we believe that the judgment appealed fails these tests for a number of reasons.   First, the December 10, 2011 judgment was entered against Jerald Hansing,

M.D.  The original and amended complaint listed four other defendants as parties to this case, but no resolution appears with respect to the claims against those parties.[1]

{¶ 11}  We also note the trial court did not include the Civ.R.54(B) "no just reason for delay" language that might have otherwise resolved the problem of remaining parties against whom no final judgment had been entered.   At the same time, however, we also observe that each of the named party defendants were involved in the operation of Kigezi and gave rise to all of the claims.   Therefore, it is unlikely that the inclusion of Civ.R. 54(B) language would have rendered the judgment final and appealable with regard to Hansing when the actions against the other Kigezi defendants remained unresolved. See the explanation of "claim" in *Evans v. Rock Hill Local School Dist. Bd. of Edn.*, 4th Dist. No. No. 04CA39, 2005-Ohio-5318, at ¶19.

{¶ 12}  Finally, we note that the jury verdicts and final judgment against appellant only related to causes of action for fraud and conversion, not the other theories of recovery set out in the complaint and the amended complaint.   We recognize that the jury interrogatories came down against those separate claims and it is true that a determination on one claim may render moot a theory of recovery advanced under another claim. See *State ex rel. Whitehead v. Sandusky Cty. Bd. of Commrs.*, ___Ohio St.3d ___, ___ N.E.2d___, 2012-Ohio-4837, at ¶14.   However, in light of the fact that we are dismissing this appeal on the grounds that claims remain pending

---

[1]  These other defendants included Jahalia Y. Washington, Medical Academic Consulting Incorporated, John Stone and Heather Seagraves.     Although a discussion occurred between the court and counsel during the trial that Medical Academic Consulting Incorporated was "defunct since 2002" and was no longer a party, that ruling was not carried into the final judgment.     It is axiomatic that a court speaks through its journal, not by oral pronouncement. See *Daugherty v. Daugherty*, 4th Dist. No. 11CA18, 2012-Ohio-1520, at ¶11, fn. 1; also see *State v. McGrube*, 4th Dist. No. 10CA16, 2012-Ohio-2180, at ¶7 (Harsha, J. Concurring). Thus, it appears that the trial court did not include any resolution concerning the other named defendants in the complaint.

against several other parties, we believe that the interests of justice are best served by asking the trial court and the parties to resolve all of the claims advanced below.

{¶ 13} For these reasons, we hereby dismiss this appeal and remand the case to the trial court to enter a final resolution of all of the claims against all of the parties herein.   Once these issues are resolved, the parties may, if they so desire, re-submit the matter on the previously filed appellate briefs to expedite the appellate process.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment Only

For the Court

BY: _____

Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.